**John JOSEPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 011–94.**

Court of Criminal Appeals of Texas, En Banc.

April 19, 1995.

Terrence Gaiser, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & J. Harvey Hudson, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted after a trial before the court of possession of less than 28 grams of cocaine. He pled true to two enhancement paragraphs and was sentenced to twenty-five years confinement. The First Court of Appeals reversed appellant's conviction and ordered acquittal. *Joseph v. State*, 866 S.W.2d 281 (Tex.App.—Houston [1st Dist.] 1993). The State filed petition for discretionary review, alleging in its sole ground for review that no prerequisite exists in a prosecution for possession of a controlled substance that the contraband be visible to the naked eye. We will reverse.

Evidence adduced at trial was that on July 17, 1992, Houston Police Officers Ronald and Robert Huseman were on routine patrol when they came upon an abandoned house which they knew from their experience was frequently used by vagrants and drug-users. The house had no front door, so the officers walked inside and observed three to four people in one of the bedrooms of the house.

The appellant was observed holding a syringe as if about to inject himself. Appellant and the other persons were also surrounded by several coke bottle caps, which are used to mix and melt down cocaine so it may be drawn with a syringe. The officers ordered the individuals to drop the narcotics, and appellant dropped his syringe on the floor. After appellant and the others were taken into custody, Officer Robert Huseman recovered the syringe.

Officer Robert Huseman testified that the syringe was in the "closed" position, as if it had already been used. He stated that no contraband was visible, but that one would be unable to observe contraband in a closed syringe. Subsequent tests by a Houston Police chemist revealed .2 milligrams of pure cocaine in the syringe.

■ The State argues that the holding of *Joseph v. State, supra,* is in conflict with the holding by the Fourteenth Court of Appeals in *Parr v. State,* 864 S.W.2d 132 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

In *Joseph v. State, supra,* the First Court of Appeals found the evidence insufficient to support appellant's conviction. The court determined that the State failed to make a showing that the cocaine was seen or capable of being seen. The court held that the mere presence of trace amounts of cocaine in the syringe will not alone establish that appellant knowingly possessed the cocaine.

In *Parr v. State, supra,* the Fourteenth Court of Appeals held that a conviction for unlawful possession of a controlled substance could be supported by other circumstances. In *Parr,* undercover police officers arrested the appellant after observing what they believed to be a drug transaction. One officer testified that upon appellant's arrest, he saw drug paraphernalia on the floor of the driver's side of the appellant's vehicle. The items recovered included the bottom portion of a Sprite can typically used as a makeshift "cooker" to heat heroin so that it may be injected, and syringes which were laying on the floor of the car on the driver's side. Appellant and his brother also had track marks on their arms. A red plastic bag found in the car was submitted for laboratory tests, along with the soda can bottom and the syringes. 0.1 milligrams of heroin were present in the red plastic bag; 0.2 milligrams were found on the soda can bottom; and no substance was found on the syringes.

The *Parr* court considered the evidence of appellant's actions prior to his arrest; the items recovered from the vehicle; and presence of track marks on the appellant in concluding that the jury could find beyond a

reasonable doubt that appellant was guilty of possession of a controlled substance.

In the instant case, the State argues that the *Joseph* court erred in making "visibility" an element of the offense of possession. Appellant argues that possession of a syringe containing unseen residue of a controlled substance constitutes nothing more than the offense of possession of drug paraphernalia, a class C misdemeanor. He asserts that the evidence is insufficient to show knowing possession of a controlled substance.

To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, and care over the substance; and (2) the accused knew the matter possessed was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Cr.App.1988). There is no requirement that one must possess a usable amount of a controlled substance in order to be convicted of unlawful possession of a controlled substance. Tex.Health & Safety Code Ann. § 481.002(38); Tex.Health & Safety Code Ann. § 481.115(a); *Johnson v. State*, 658 S.W.2d 623, 627 (Tex.Cr.App.1983). There is also no requirement that the substance be visible to the naked eye.

■ When reviewing whether evidence is sufficient to support a conviction, this Court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime as alleged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Cr.App. 1991). The trial judge, when sitting as the sole trier of facts, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony, *Mattias v. State*, 731 S.W.2d 936, 940 (Tex.Cr.App. 1987), and cases cited therein; therefore, we will review the trial judge's findings and verdict to determine whether the evidence was sufficient to support appellant's conviction.

■ In the instant case, the officers knew, from their experience, that this abandoned house was commonly used as a haven for drug users. Indeed, upon their investigation, the officers discovered several persons, including appellant, sitting amongst drug paraphernalia holding syringes. Appellant was holding a syringe containing .2 milligrams of cocaine in a manner that indicated he was about to insert, or had just removed, a hypodermic needle from his arm. We are unable to say that appellant was unaware that what he possessed was cocaine.

Clearly, appellant exercised control, management, and care over the syringe, as he was holding it. However, knowing possession of a controlled substance does not turn on whether the controlled substance is visible to the naked eye. In *Johnson v. State*, 658 S.W.2d at 627, we explained that additional facts and circumstances can establish the accused's knowledge and control of contraband. Among such additional facts we listed which could establish the affirmative link were: the controlled substance being in plain or open view; and the substance's convenient accessibility to the accused. *Id.* In this case, circumstances of appellant's knowing exercise of control over the substance are present to uphold the trial court's verdict.

We hold the Court of Appeals erred in requiring the controlled substance to be visible to the naked eye in order to support appellant's conviction. Visibility is not an element of the offense of possession of a controlled substance. See *King v. State*, 895 S.W.2d 701 (Tex.Cr.App.1995). Based on these facts which were before the trial court, we hold that the court could find beyond a reasonable doubt that appellant was guilty of possession of a controlled substance. The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

BAIRD, Judge, concurring.

Because the evidence in the instant case involves possession of cocaine which was invisible to the naked eye, any sufficiency of the evidence analysis requires our consideration of *Daniels v. State*, 574 S.W.2d 127 (Tex.Cr.App.1978), and *Shults v. State*, 575 S.W.2d 29 (Tex.Cr.App.1979). When they are considered, I agree the Court of Appeals erred in reversing appellant's conviction.

Our laws do not require the State to prove the possession of a minimum amount of a controlled substance. *Cantu v. State,* 546 S.W.2d 621, 622 (Tex.Cr.App.1977); *Johnson v. State,* 658 S.W.2d 623, 627 (Tex.Cr.App. 1983); *and, Jackson v. State,* 807 S.W.2d 387, 389 (Tex.App.—Houston [14th Dist.] 1991). The rule in this State for many years was that to prove a knowing possession of a controlled substance, the substance possessed must be visible to the naked eye and measurable. *See, Coleman v. State,* 545 S.W.2d 831, 835 (Tex.Cr.App.1977); *Tomlin v. State,* 170 Tex.Crim. 108, 338 S.W.2d 735, 737 (1960); *Johnson,* 658 S.W.2d at 627; *Pelham v. State,* 164 Tex.Crim. 226, 298 S.W.2d 171, 173 (1957); *Greer v. State,* 163 Tex. Crim. 377, 292 S.W.2d 122 (1956); *Ortega v. State,* 861 S.W.2d 91, 95 (Tex.App.—Houston [1st Dist.] 1993); *Kemp v. State,* 861 S.W.2d 44, 46 (Tex.App.—Houston [14th Dist.] 1993); *Palmer v. State,* 857 S.W.2d 898, 901 (Tex. App.—Houston [1st Dist.] 1993); *and, Irvine v. State,* 857 S.W.2d 920, 922 (Tex.App.— Houston [1st Dist.] 1993). *See also, Daniels v. State,* 853 S.W.2d 749, 751 (Tex.App.— Houston [1st Dist.] 1993) (A rational finder could find a knowing possession when there is testimony the amount of controlled substance was *capable* of being seen).

But an exception to this rule exists when other evidence demonstrates the defendant *knowingly* possessed the substance. *Reyes v. State,* 480 S.W.2d 373, 374 (Tex.Cr.App. 1972); *and, Daniels,* 574 S.W.2d at 128–129. In these cases the rule is:

> ... When the quantity of a substance possessed is so small that it cannot be quantitatively measured, there must be evidence other than its mere possession to prove that the defendant knew the substance in his possession was a controlled substance.

*Shults,* 575 S.W.2d at 30. *See, Mendoza v. State,* 636 S.W.2d 198, 200 (Tex.Cr.App.1982); *Campbell v. State,* 822 S.W.2d 776, 777 (Tex. App.—Houston [14th Dist.] 1992); *Manuel v. State,* 782 S.W.2d 335, 336 (Tex.App.—Houston [1st Dist.] 1989); *and, Lopez v. State,* 760 S.W.2d 770, 776 (Tex.App.—Corpus Christi 1988). Additionally, possession of the container in which the substance was found is not, itself, sufficient to prove a *knowing* possession. *Garner v. State,* 848 S.W.2d 799, 801 (Tex.App.—Corpus Christi 1993). *See also, Coleman,* 545 S.W.2d at 835; *Greer v. State,* 163 Tex.Crim. 377, 292 S.W.2d 122 (1956); *and, Thomas v. State,* 807 S.W.2d 786, 787–788 (Tex.App.—Houston [1st Dist.] 1991).

With the foregoing in mind, I agree with the Court of Appeals that "the mere presence of the trace amounts of cocaine in the syringe will not alone establish that appellant knowingly possessed the cocaine." *Joseph v. State,* 866 S.W.2d 281, 284 (Tex.App.—Houston [1st Dist.] 1993). But I disagree with the Court's finding that "the State has not produced sufficient evidence to establish that appellant knew the syringe he possessed contained a controlled substance." *Ibid.* Appellant was arrested in an abandoned house known to be frequented by narcotic users. When officers arrived appellant and two other individuals were seated around several bottle caps. The officers testified bottle caps are often used to hold crack cocaine as it is melted. Appellant was seated on the ground, his arm out, and a syringe positioned above his arm. Under these circumstances, I believe a rational trier of fact could conclude the "other evidence" produced by the State demonstrated appellant *knowingly* possessed cocaine. *See, Shults, supra; and, Daniels, supra.* Therefore I join the judgment of the Court.

MALONEY, Judge, concurring.

We granted the State's petition for discretionary review to determine whether or not as a prerequisite for prosecution for possession of a controlled substance, the contraband be visible to the naked eye. Unlike in *King v. State,* 895 S.W.2d 701 (Tex.Crim. App.1995), the cocaine was measurable in this case and therefore subject to prosecution under the possession statute.

Because the Court again fails to clarify the holding in *Daniels v. State,* 574 S.W.2d 127 (Tex.Crim.App.1978), and therefore fails to justify its holding, I can only concur in the judgment. *See King,* supra (Maloney, J., dissenting).

MEYERS, Judge, dissenting.

As Judge Maloney points out in his concurring opinion, we granted review in this case on the legal issue whether a controlled substance can be possessed "knowingly" if it is not visible to the naked eye. Last week, we decided that issue adversely to the position taken by the Court of Appeals in this case, at least according to Judge Clinton. *See King v. State*, 895 S.W.2d 701 (Tex.Crim.App.1995) (Clinton, J., concurring). It follows that the Court of Appeals should not have made visibility a legal criterion against which to judge the sufficiency of the evidence. To this extent, at least, I agree with the Court's analysis here and in *King*.

However, the Court then proceeds to judge the sufficiency of the evidence itself, instead of remanding to the Court of Appeals. This is clearly improper under our precedents. Even if this Court had jurisdiction to examine the sufficiency of evidence on discretionary review, which it does not, see *King* at 709 (Meyers, J. dissenting), it would still violate the rule of comity announced in *Arcila v. State*, 834 S.W.2d 357 (Tex.Crim. App.1992), for us to do so here. The Court of Appeals has not yet had a chance to review the evidence under the legal standard announced in this case and in *King*. Were it given the chance to do so, it might well reach a different factual conclusion than this Court reaches today. After all, visibility, although not controlling as a matter of law, is nevertheless a factor which the appellate court may take into account when reviewing the evidence, weighing it in the balance as it sees fit under the particular facts and circumstances of each case.

Accordingly, while I agree that the Court of Appeals erred, I think our precedents plainly require that the cause be remanded for reconsideration by that court under the appropriate legal standard of review announced here and in *King*. Whatever conclusion the lower appellate court were to reach on the question, its judgment would, in my view, be unreviewable by this Court except for errors of law. Thus, because the Court refuses to remand as the law requires and once again insists upon usurping the role

of the intermediate appellate courts, I dissent.