11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Corea Wayne Williams

Appellant

Vs.                   No.
11-01-00142-CR B Appeal from Erath County

State of Texas

Appellee

 

The jury
convicted Corea Wayne Williams of cocaine possession, found 2 enhancement
paragraphs to be true, and assessed his punishment at 20 years confinement and
a fine of $10,000.  We affirm.

In his
first point of error, appellant argues that the trial court erred when it
denied his motion for new trial. 
Specifically, appellant claims that the evidence is factually
insufficient to show that he was in possession of cocaine.  








In
reviewing the factual sufficiency of the evidence, we conduct a neutral review
of all the evidence and determine whether the proof of guilt is so weak as to
undermine the confidence in the jury=s determination or whether the proof of guilt is greatly outweighed by
contrary proof.  Johnson v.
State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).     On May 20, 2000, Officer Ted Helms responded
to a call from the owner of a convenience store that someone was trying to pass
a forged check.  Officer Helms entered
the convenience store; and, as he approached the counter, the person trying to
pass the check, Kim Ray Shetter, left the store.  Officer Helms followed Shetter to the parking lot and to a
vehicle which he had noticed when he entered the store.  Appellant was seated in the driver=s side of the vehicle.  Officer Helms requested that appellant turn
off the vehicle=s engine. 
Instead, appellant put the vehicle in gear and started to drive through
the parking lot.  Officer Helms drew his
gun and ordered appellant to stop; appellant stopped the vehicle.  Officer Helms ordered appellant out of the
car and placed him on the ground. 
Appellant was lying on the ground just outside the driver=s side door. 
Officer Helms stood behind appellant to fully observe him.  Officer Helms holstered his gun in order to
handcuff appellant.  Officer Helms
observed a small glass pipe which he recognized as a Acrack pipe@ on the ground next to 
appellant.  As he brought
appellant to his feet to continue the pat-down search, Officer Helms noticed a
small plastic bag containing a Awhitish tan substance.@  Officer Helms recognized the
substance as a potential controlled substance; it was later identified as
cocaine.  Officer Helms testified that
the plastic bag was on the ground underneath where appellant had been
lying.  Moreover, Officer Helms did not
see the crack pipe or plastic bag on the ground prior to the time when
appellant got out of the vehicle. 
Officer Helms testified that the items were not on the ground before
appellant stepped out of the vehicle.  

Possession
is defined as Aactual care, custody, control, or management.@  TEX.
HEALTH & SAFETY CODE ANN. ' 481.002(38) (Vernon Supp. 2001). 
Appellant argues that the mere presence of the cocaine underneath him is
not sufficient to establish an affirmative link to indicate possession.  A Asubstance=s
convenient accessibility@ to appellant is sufficient to establish his knowledge, possession, and
control of the cocaine.  Joseph v.
State, 897 S.W.2d 374, 376 (Tex.Cr.App.1995), citing Johnson v. State, 658
S.W.2d 623, 627 (Tex.Cr.App.1983).  The
record shows that the cocaine underneath appellant was conveniently accessible
to him. The evidence is factually sufficient to show that appellant was in
possession of cocaine.  Appellant=s first point of error is overruled.

Appellant=s second point of error is that the trial
court erred in sustaining the State=s objection to appellant=s closing argument.  The portion
of appellant=s closing argument is set out in relevant
part as follows:

[DEFENSE
COUNSEL]: The B The evidence in this case, other than the
witness testimony, which most of it is undisputed except for Officer Helms, my
client adamantly denies B he sat up here and pled not guilty, he adamantly denies that he
possessed B that he knowingly or intentionally possessed
B

 

[PROSECUTOR]:
I=m going to object to that argument, Your
Honor, pleading not guilty does not raise that evidence B

 

THE COURT:
I=ll sustain the objection.

 








[DEFENSE
COUNSEL]: My client pled not guilty. 
Back to where I was, Officer Helms= testimony is one way and Mr. Williams= testimony is another way, that=s the crux of the case, all that other stuff is undisputed B

 

[PROSECUTOR]:
Well, Your Honor, I object to counsel arguing what Mr. Williams= testimony is.

 

THE COURT: I=ll
sustain.  Stay within the record,
counsel. 

Appellant
argues that Aadamantly@ is a mere characterization of appellant=s not guilty plea.  However,
appellant is also equating his plea of not guilty to testimony.  Appellant did not testify.  A not-guilty plea is not testimony.  Appellant=s jury argument was outside of the record, and it was clearly
improper.  Alejandro v. State, 493
S.W.2d 230, 231 (Tex.Cr.App.1973). The trial court correctly sustained the
State=s objections.  

Appellant
also argues that the State=s objection was an impermissible comment on appellant=s failure to testify.  We disagree.  The State=s objections simply point out that appellant cannot argue facts which
are not in evidence.  Further, appellant
invited the objection when he presented argument outside of the record.  Appellant=s second point of error is overruled.

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

November 15, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.