11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Marian Crawford Harrist

Appellant

Vs.                   Nos.
11-01-00093-CR and 11-01-00094-CR  B Appeals from Erath County

State of Texas

Appellee

 

In a
consolidated bench trial, the trial court convicted Marian Crawford Harrist of
methamphetamine possession and endangerment to a child under the age of 15 and
assessed her punishment at 2 years confinement in a state jail facility for
child endangerment and 5 years confinement in the state penitentiary for
methamphetamine possession.  We affirm.

Appellant
claims that the evidence was both factually and legally insufficient to support
her convictions for methamphetamine possession and child endangerment.
Appellant=s first point of error in each case
challenges the factual sufficiency of the evidence.  Specifically, she argues that the evidence was factually
insufficient to support a finding that she intentionally or knowingly possessed
methamphetamine.  Additionally, she
argues that the evidence was factually insufficient to support her conviction
for endangerment to her six-year-old son who suffers from Down=s syndrome because he was not injured and,
also, that the facts are insufficient to prove that she failed to supervise her
son or that she exposed him to marihuana.

In her
second point of error in each case, appellant claims that the evidence was
legally insufficient to support her convictions.  Specifically, she argues that the evidence was legally insufficient
to support her methamphetamine possession conviction because the State failed
to show probable cause for the search of her motel room and, also, that the
State failed to show that she possessed methamphetamine.  She also argues that the evidence was
legally insufficient to support her child endangerment conviction because the
State did not show beyond a reasonable doubt that she intentionally, knowingly,
recklessly, or with criminal negligence placed her son in imminent danger of
death, bodily injury, or physical or mental impairment.








About 7:30
a.m. on August 13, 2000, a witness saw appellant=s son crossing State Highway 67/377, a/k/a Washington Street, in
Stephenville.  He went from a motel on
one side of the highway into a convenience store on the other side of the
highway.  After almost being struck by a
truck, appellant=s son again crossed the street to the motel
and went inside his mother=s motel room.  A man at the
convenience store called the police. 
Officers Orlando Gaitan and Frank Gaitan arrived at the motel in
response.  The officers went to the room
which witnesses observed appellant=s son enter.  Appellant answered
the door when the officers knocked on the door, and her son ran out into the
parking lot.  Officer Frank Gaitan
testified that he recognized the young boy from an incident approximately ten
days earlier. 

Officer
Frank Gaitan testified that he had earlier responded to a call that a child was
in the road on Lingleville Road, a five-lane road.  When Officer Frank Gaitan arrived, appellant=s son was eating breakfast in a
restaurant.  Following this incident, a
local fireman and his wife took custody of appellant=s son with the approval of Child Protective
Services (CPS) because neither appellant nor her husband could be located.  

Officer
Orlando Gaitan searched through the motel room while Officer Frank Gaitan
stayed with appellant=s son
outside the room.  Both officers were
aware that an arrest warrant had been issued for appellant=s husband. 
While looking for appellant=s husband or other persons in the room, Officer Orlando Gaitan observed
multiple prescription medicine bottles, knives, and a prescription bottle
covered in black tape.  Upon leaving the
motel room, both officers noticed the smell of burned marihuana.  The officers requested appellant=s consent to again search the room, and a
drug dog was requested by Officer Frank Gaitan.  Officer Frank Gaitan testified that appellant told the officers
that she had methamphetamine in the motel room and that appellant offered to
bring it to the officers.  

Officer
Frank Gaitan testified that Officer Orlando Gaitan entered the room again with
appellant for the safety of the officers, appellant, and her son.  Appellant directed Officer Orlando Gaitan to
the prescription bottle covered in black tape as containing the
methamphetamine.  Officer Orlando Gaitan
arrested appellant.  The substance in
the prescription bottle was tested by the Texas Department of Public Safety and
determined to be 6.77 grams of methamphetamine. 








Where an
appellant raises both legal and factual sufficiency challenges, we must first
review the legal sufficiency.  Clewis v.
State, 922 S.W.2d 126, 133 (Tex.Cr.App.1996). 
We review all of the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Clewis v. State,
supra at 132.  

Appellant
alleges that the evidence is not legally sufficient to support her convictions
for methamphetamine possession and child endangerment.  Appellant argues that the elements for child
endangerment could not rationally be found to exist beyond a reasonable
doubt.  As for her methamphetamine
conviction, appellant challenges the State=s showing of probable cause to search the motel room and, also, alleges
that the State failed to show that she possessed methamphetamine.

Child
endangerment occurs when:

A person
commits an offense if he intentionally, knowingly, recklessly, or with criminal
negligence, by act or omission, engages in conduct that places a child younger
than 15 years in imminent danger of death, bodily injury, or physical or mental
impairment.

 

TEX. PENAL CODE ANN. ' 22.041(c) (Vernon Supp. 2002).  Appellant=s son was six years old.  Her
son crossed a busy street twice while appellant slept.  Appellant was aware of her son=s propensity for running into the street.  Her son had run into busy roadways in the
past.  It is reasonable to conclude that
a young child with Down=s syndrome would be exposed to imminent danger of death or bodily
injury by running into a busy street or highway.  Open knives, syringes, a scale, and other pill bottles were
located on a small table as well as on the floor of the motel room where
appellant and her son were living. 
These items are all dangerous to a young child and were easily
accessible to her son because of their location.  The evidence is legally sufficient to show that appellant
knowingly or recklessly placed her son in danger.

Possession
is defined as Aactual care, custody, control, or management.@  TEX.
HEALTH & SAFETY CODE ANN. ' 481.002(38) (Vernon Pamph. Supp. 2002).  A Asubstance=s convenient accessibility@ to a defendant is sufficient to establish possession.  Joseph v. State, 897 S.W.2d 374, 376
(Tex.Cr.App.1995), citing Johnson v. State, 658 S.W.2d 623, 627
(Tex.Cr.App.1983).  Here, the
prescription bottle containing methamphetamine was on a table in the motel room
where appellant was living.  Although
she argues that she thought it was Aamphetamine@ or APhentermine@ that was the prescription of a former friend, appellant was aware that
a controlled substance was in the bottle. 
The State was able to show that appellant was in possession of
methamphetamine. 








The
evidence is legally sufficient to support both of her convictions.  The probable cause issue has not been
presented for review.  See TEX.R.APP.P.
33.1.  Appellant=s second point of error in each case is
overruled.

In
reviewing the factual sufficiency of the evidence, we conduct a neutral review
of the trial court=s
findings and determine whether the proof of guilt is so weak as to undermine
the confidence in the fact finder=s determination or whether the proof of guilt is heavily outweighed by
contrary proof.  Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App.2000). 
Nonetheless, when conducting our review, we give deference to the trial
court=s decision and do not infringe on the role of
the trial court in its evaluation of the weight and credibility of witness
testimony.  Jones v. State, 944 S.W.2d
642, 648 (Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997).

Appellant
challenges the factual sufficiency of the evidence.  Appellant alleges that the facts were insufficient to support a
finding of guilt based on intentional or knowing possession of  methamphetamine.  The officers at the scene testified that appellant informed them
that there was methamphetamine in the motel room.  However, appellant testified that she believed she had
amphetamine, a form of methamphetamine, in her possession.  She was also aware that it was illegal to
possess amphetamine.  Appellant
testified that the bottle was labeled Aamphetamine.@  She also testified that it was her intent to
take the Aamphetamine@ since it was preferable to being Astrung out on Hydrocodone and Xanax.@  The controlled substance was
determined by lab tests to be methamphetamine. 
The evidence is factually sufficient to support the trial court=s finding that appellant intentionally or
knowingly possessed methamphetamine.








Appellant
also contends that the evidence is factually insufficient because her son was
not injured while in the roadway.  Appellant
is correct in stating that her son was not injured.  However, injury is not required for child endangerment.  See Section 22.041(c).  A person need only place a child in danger
of injury.  Appellant=s son was observed crossing a busy roadway on
the morning of the offense.  Appellant
testified that her son had previously run into the roadway when he had gotten
away from his father, that her son had gotten away from a baby-sitter, and that
her son had a tendency to run into roadways. 
In the motel room where appellant and her son were living, open knives,
syringes, a scale, and other pill bottles were on a small table and on the
floor, easily accessible to her son.  In
addition, appellant was found guilty of methamphetamine possession.  Based on the facts in the record, appellant
clearly placed her son in danger.  The
evidence is factually sufficient to support her conviction for child
endangerment.  We do not reach appellant=s factual sufficiency challenge concerning
the child=s exposure to marihuana.  Appellant=s first point of error in each case is overruled.

The
judgments of the trial court are affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

March 28, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.