NO. 07-01-0435-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 15, 2002


______________________________



ANTONE RICHIE
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 180TH DISTRICT COURT OF HARRIS COUNTY;



NO. 857,644; HON. LARRY FULLER, PRESIDING


_______________________________



Before QUINN, REAVIS, and JOHNSON, J.J.

 Antone Richie appeals his conviction for possessing less than one gram of cocaine. 
Five issues are presented to us on appeal. The first three pertain to the claim of
entrapment and are identical to those he asserted in cause No. 07-01-0434-CR, styled
Antone Richie v. State, pending in this court. The fourth and fifth issues concern the
existence of legally and factually sufficient evidence to support the jury's finding that he
knew the substance contained in the crack pipe he possessed was cocaine. We affirm the
judgment.


Issues One, Two, and Three


 As previously stated the first three issues involve the claim of entrapment and
whether the State proved, beyond reasonable doubt, that he was not entrapped. Those
very issues were raised and resolved in cause No. 07-01-0434-CR, styled Antone Richie
v. State, pending in this court. Furthermore, we adopt the reasoning expressed in that
opinion to overrule issues one, two and three here.

Issues Four and Five


 In his last two issues, appellant contends that the evidence was both legally and
factually sufficient to support the jury's verdict. That is, he contends that the state failed
to prove he knew that the crack pipe he possessed and later handed to undercover Officer
Maxwell contained cocaine. We disagree and overrule these issues as well.

 Standard of Review

 The standards of review applicable to questions of legal and factual sufficiency are
well-settled and need no explanation. We find it adequate to merely cite the parties to
King v. State, 29 S.W.3d 556 (Tex. Crim. App. 2000) and Clewis v. State, 922 S.W.2d 126 
(Tex. Crim. App. 1996). 

 Application of Standard

 Appearing of record is evidence that appellant ventured with Officer Maxwell to a
particular locale to purchase cocaine for the officer. Upon their arrival at the venue,
appellant acquired $20 from the officer, existed the vehicle, and subsequently returned
with a rock of crack cocaine weighing approximately one-quarter of a gram. Thereafter,
appellant removed a glass pipe from his person "because he [appellant] was wanting to
smoke that rock right then," according to Maxwell. Inside the pipe was cocaine residue
weighing five milligrams, a useable amount in the opinion of the chemist who subsequently
analyzed the substance. Appellant was subsequently arrested, and prosecution was
founded upon the residue in the pipe. 

 It is clear that to secure conviction, the State was obligated to prove that appellant
not only exercised control, management and care over the substance but also knew that
it was a controlled substance, namely cocaine. Joseph v. State, 897 S.W.2d 374, 376
(Tex. Crim. App. 1995). Again, it is the satisfaction of the latter element that appellant
questions. Yet, the evidence that appellant had just completed the purchase of cocaine
for Maxwell when he (appellant) removed from his person a pipe containing a visible
residue comprised of a useable quantity of cocaine and asked to take a "hit" of the
contraband just purchased is evidence enabling a rational jury to conclude beyond
reasonable doubt that appellant knowingly possessed the cocaine in the pipe. See Joseph
v. State, 897 S.W.2d at 376 (noting that Joseph's holding a syringe "in a manner that
indicated he was about to insert, or had just removed" it was a circumstance illustrating
knowing possession of the trace substance contained in the syringe); King v. State, 895
S.W.2d 701, 704 (Tex. Crim. App. 1995) (stating that the residue found in the pipe
illustrated that the pipe had been used to smoke cocaine, which, in turn, constituted an
indicia establishing knowledge). This is especially so given Maxwell's testimony that one
could "see the burn marks," prior instances of lighting the pipe, and "some little white
residue . . . which is the cocaine that has burned off through the pipe."

 Indeed, though not identical to those in Joseph court, the circumstances before us
analogize well with them. In concluding that appellant had knowledge of the contents of
the syringe, the Joseph focused upon the location at which appellant was found (a known
crack house) and his possession of the syringe in a manner indicative of use for the
intravenous ingestion of illicit substances. Here, we have the appellant going to an area
known by the officer to be one at which "dope" is sold, appellant buying the cocaine, and
appellant then brandishing a glass pipe because he wanted to partake in the ingestion of
the substance. In brandishing the pipe, it can reasonably be inferred that he did so in a
way indicating that he intended to use it for the oral ingestion of the illicit substance. And,
since the object contained visible cocaine residue, it also can reasonably be concluded
that the pipe actually was used to ingest cocaine. Thus, because the evidence in Joseph
being deemed legally sufficient to support the verdict there, it certainly is legally sufficient
to do so here. 

 Finally, the record as a whole does not render the jury's finding of knowledge on the
part of appellant clearly wrong or manifestly unjust. So, the verdict also enjoys the support
of factually sufficient evidence. 

 

 Brian Quinn 

 Justice 





Do not publish.



e found on the bus; 2) Officer Hernandez observed appellant at all times
after receiving the wallet until the bus reached its last stop and stated that the wallet was
still in appellant's possession when he exited the bus; 3) Officer Ledet observed appellant
leave the bus at the bus facility and head to the Transit Authority "starter's" office where
drivers pick up their schedules and turn in found property; 4) Mr. Forbus testified that no
property was handed by appellant to the person in that office; 5) Officer Ledet watched
as appellant headed back toward the bus, went through a wallet, threw the wallet in a trash
can, and left the area; 6) Ledet retrieved the wallet and identified it as the one that had
been given to appellant on the bus; 7) the money originally in the wallet was missing when
the wallet was retrieved by Ledet; and 8) the other items in the wallet had been moved
around. Viewing this evidence in its most favorable light, a rational trier of fact could have
reasonably inferred, beyond reasonable doubt, that appellant unlawfully appropriated the
money with the intent to deprive the owner of it. Further, that finding is not manifestly
unjust or clearly wrong when tested against the entire record. Accordingly, the evidence
is neither legally nor factually insufficient to support the verdict. 

 We affirm the judgment of the trial court.


 Brian Quinn

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon 1998).