NO. 07-01-0435-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 15, 2002
_____

ANTONE RICHIE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 180TH DISTRICT COURT OF HARRIS COUNTY;

NO. 857,644; HON. LARRY FULLER, PRESIDING
_____

Before QUINN, REAVIS, and JOHNSON, J.J.

Antone Richie appeals his conviction for possessing less than one gram of cocaine. Five issues are presented to us on appeal. The first three pertain to the claim of entrapment and are identical to those he asserted in cause No. 07-01-0434-CR, styled *Antone Richie v. State*, pending in this court. The fourth and fifth issues concern the existence of legally and factually sufficient evidence to support the jury's finding that he knew the substance contained in the crack pipe he possessed was cocaine. We affirm the judgment.

### Issues One, Two, and Three

As previously stated the first three issues involve the claim of entrapment and whether the State proved, beyond reasonable doubt, that he was not entrapped. Those very issues were raised and resolved in cause No. 07-01-0434-CR, styled *Antone Richie v. State*, pending in this court. Furthermore, we adopt the reasoning expressed in that opinion to overrule issues one, two and three here.

### Issues Four and Five

In his last two issues, appellant contends that the evidence was both legally and factually sufficient to support the jury's verdict. That is, he contends that the state failed to prove he knew that the crack pipe he possessed and later handed to undercover Officer Maxwell contained cocaine. We disagree and overrule these issues as well.

*Standard of Review*

The standards of review applicable to questions of legal and factual sufficiency are well-settled and need no explanation. We find it adequate to merely cite the parties to *King v. State*, 29 S.W.3d 556 (Tex. Crim. App. 2000) and *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

*Application of Standard*

Appearing of record is evidence that appellant ventured with Officer Maxwell to a particular locale to purchase cocaine for the officer. Upon their arrival at the venue, appellant acquired $20 from the officer, existed the vehicle, and subsequently returned with a rock of crack cocaine weighing approximately one-quarter of a gram. Thereafter, appellant removed a glass pipe from his person "because he [appellant] was wanting to

3

smoke that rock right then," according to Maxwell. Inside the pipe was cocaine residue weighing five milligrams, a useable amount in the opinion of the chemist who subsequently analyzed the substance. Appellant was subsequently arrested, and prosecution was founded upon the residue in the pipe.

It is clear that to secure conviction, the State was obligated to prove that appellant not only exercised control, management and care over the substance but also knew that it was a controlled substance, namely cocaine. *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). Again, it is the satisfaction of the latter element that appellant questions. Yet, the evidence that appellant had just completed the purchase of cocaine for Maxwell when he (appellant) removed from his person a pipe containing a visible residue comprised of a useable quantity of cocaine and asked to take a "hit" of the contraband just purchased is evidence enabling a rational jury to conclude beyond reasonable doubt that appellant knowingly possessed the cocaine in the pipe. *See Joseph v. State*, 897 S.W.2d at 376 (noting that Joseph's holding a syringe "in a manner that indicated he was about to insert, or had just removed" it was a circumstance illustrating knowing possession of the trace substance contained in the syringe); *King v. State*, 895 S.W.2d 701, 704 (Tex. Crim. App. 1995) (stating that the residue found in the pipe illustrated that the pipe had been used to smoke cocaine, which, in turn, constituted an indicia establishing knowledge). This is especially so given Maxwell's testimony that one could "see the burn marks," prior instances of lighting the pipe, and "some little white residue . . . which is the cocaine that has burned off through the pipe."

4

Indeed, though not identical to those in *Joseph* court, the circumstances before us analogize well with them. In concluding that appellant had knowledge of the contents of the syringe, the *Joseph* focused upon the location at which appellant was found (a known crack house) and his possession of the syringe in a manner indicative of use for the intravenous ingestion of illicit substances. Here, we have the appellant going to an area known by the officer to be one at which "dope" is sold, appellant buying the cocaine, and appellant then brandishing a glass pipe because he wanted to partake in the ingestion of the substance. In brandishing the pipe, it can reasonably be inferred that he did so in a way indicating that he intended to use it for the oral ingestion of the illicit substance. And, since the object contained visible cocaine residue, it also can reasonably be concluded that the pipe actually was used to ingest cocaine. Thus, because the evidence in *Joseph* being deemed legally sufficient to support the verdict there, it certainly is legally sufficient to do so here.

Finally, the record as a whole does not render the jury's finding of knowledge on the part of appellant clearly wrong or manifestly unjust. So, the verdict also enjoys the support of factually sufficient evidence.


Brian Quinn
Justice



Do not publish.


5