NO. 07-02-0095-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 20, 2005



______________________________




JOHN J. HINDERA, APPELLANT



V.



TEXAS TECH UNIVERSITY, ET AL., APPELLEES




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-509,053; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 By order dated July 10, 2003, this Court denied appellant John J. Hindera's motion
to reinstate this appeal and appellees Texas Tech University, et al.'s motion to dismiss
citing insufficient documentation that Hindera's stay in bankruptcy had been lifted. Hindera,
proceeding pro se, filed a supplemental motion to reinstate the appeal accompanied by an
order from the Western District of Texas United States Bankruptcy Court entitled
"Discharge of Debtor." However, because no certified copy of an order from the bankruptcy
court lifting or terminating the stay was included as required by Rule 8.3(a) of the Texas
Rules of Appellate Procedure, Hindera's supplemental motion was denied without prejudice
by order dated August 20, 2003.

 This cause remains inactive and on this Court's docket. When Hindera filed his
supplemental motion for reinstatement, Texas Tech filed a response in which it requested
we sua sponte reinstate the appeal and dismiss it for want of prosecution. Texas Tech also
indicated that appellant is a licensed attorney and is culpable for the inexcusable delay in
this matter. No action has been taken by either party in this appeal since August 2003. 
Applying Rule 2 of the Texas Rules of Appellate Procedure, we suspend the operation of
Rule 8.3(a) and sua sponte reinstate this appeal. Hindera is notified that failure to take
action in this appeal by (10 days) will result in dismissal for want of prosecution. Tex. R.
App. P. 42.3(b).

 It is so ordered.

 Per Curiam



EM>, 29 S.W.3d 556 (Tex. Crim. App. 2000) and Clewis v. State, 922 S.W.2d 126 
(Tex. Crim. App. 1996). 

 Application of Standard

 Appearing of record is evidence that appellant ventured with Officer Maxwell to a
particular locale to purchase cocaine for the officer. Upon their arrival at the venue,
appellant acquired $20 from the officer, existed the vehicle, and subsequently returned
with a rock of crack cocaine weighing approximately one-quarter of a gram. Thereafter,
appellant removed a glass pipe from his person "because he [appellant] was wanting to
smoke that rock right then," according to Maxwell. Inside the pipe was cocaine residue
weighing five milligrams, a useable amount in the opinion of the chemist who subsequently
analyzed the substance. Appellant was subsequently arrested, and prosecution was
founded upon the residue in the pipe. 

 It is clear that to secure conviction, the State was obligated to prove that appellant
not only exercised control, management and care over the substance but also knew that
it was a controlled substance, namely cocaine. Joseph v. State, 897 S.W.2d 374, 376
(Tex. Crim. App. 1995). Again, it is the satisfaction of the latter element that appellant
questions. Yet, the evidence that appellant had just completed the purchase of cocaine
for Maxwell when he (appellant) removed from his person a pipe containing a visible
residue comprised of a useable quantity of cocaine and asked to take a "hit" of the
contraband just purchased is evidence enabling a rational jury to conclude beyond
reasonable doubt that appellant knowingly possessed the cocaine in the pipe. See Joseph
v. State, 897 S.W.2d at 376 (noting that Joseph's holding a syringe "in a manner that
indicated he was about to insert, or had just removed" it was a circumstance illustrating
knowing possession of the trace substance contained in the syringe); King v. State, 895
S.W.2d 701, 704 (Tex. Crim. App. 1995) (stating that the residue found in the pipe
illustrated that the pipe had been used to smoke cocaine, which, in turn, constituted an
indicia establishing knowledge). This is especially so given Maxwell's testimony that one
could "see the burn marks," prior instances of lighting the pipe, and "some little white
residue . . . which is the cocaine that has burned off through the pipe."

 Indeed, though not identical to those in Joseph court, the circumstances before us
analogize well with them. In concluding that appellant had knowledge of the contents of
the syringe, the Joseph focused upon the location at which appellant was found (a known
crack house) and his possession of the syringe in a manner indicative of use for the
intravenous ingestion of illicit substances. Here, we have the appellant going to an area
known by the officer to be one at which "dope" is sold, appellant buying the cocaine, and
appellant then brandishing a glass pipe because he wanted to partake in the ingestion of
the substance. In brandishing the pipe, it can reasonably be inferred that he did so in a
way indicating that he intended to use it for the oral ingestion of the illicit substance. And,
since the object contained visible cocaine residue, it also can reasonably be concluded
that the pipe actually was used to ingest cocaine. Thus, because the evidence in Joseph
being deemed legally sufficient to support the verdict there, it certainly is legally sufficient
to do so here. 

 Finally, the record as a whole does not render the jury's finding of knowledge on the
part of appellant clearly wrong or manifestly unjust. So, the verdict also enjoys the support
of factually sufficient evidence. 

 

 Brian Quinn 

 Justice 





Do not publish.