MEMORANDUM OPINION














 

 

 

 

 

 

 

 

 

 

MEMORANDUM
OPINION

 

 

No. 04-06-00864-CR

 

Gabriel THOMAS,

Appellant 

v.

 

                                                                                                   

The STATE
of Texas,

Appellee

 

From the 81st Judicial District Court, Wilson County, Texas

Trial Court No. 06-01-033-CRW

Honorable Stella Saxon, Judge Presiding

 

Opinion by:     Rebecca
 Simmons, Justice

 

Sitting:            Catherine Stone, Justice

                        Karen Angelini, Justice

                        Rebecca Simmons, Justice

 

Delivered and Filed:   December 19, 2007

 

AFFIRMED

 

Appellant
Gabriel Thomas was charged with possession of a prohibited weapon on a school
or educational premises.  The trial court
found Thomas guilty and sentenced him to three years confinement, probated for
a term of three years.  Thomas raises two
general issues on appeal:  the evidence
was insufficient to support the trial court’s findings and a mistake of fact
defense.  We affirm the judgment of the
trial court.

Sufficiency of the Evidence

Thomas argues the State failed to prove two necessary
elements of the offense:  the prohibited
weapon and the location of the offense.   


A.        Standard of Review

In
a legal sufficiency review, we examine the evidence in the light most favorable
to the verdict, and ask whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  For a factual sufficiency review, we look at
all the evidence in a neutral light to determine if the evidence is so weak
that the jury’s verdict seems “clearly wrong and manifestly unjust,” or that
the great weight and preponderance of the evidence contradicts the jury’s
verdict.  Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

In
a bench trial, the trial court is the trier of fact, the judge of the
credibility of the witnesses and of the weight to be given their testimony.  See
Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).  Accordingly, the trial court is free to
accept or reject any or all of any witness’s testimony.  Id.

B.        Texas
Penal Code Section 46.03

Thomas
was charged with intentionally and knowingly possessing a spring release knife
on the physical premises of an educational institution.  Tex.
Pen. Code Ann. §
46.03 (Vernon 2003) (provides it is unlawful  for a person to “intentionally, knowingly, or
recklessly  possesses . . . a prohibited
weapon listed in Section 46.05(a) . . . on the physical premises of a school or
 educational institution”); Tex. Pen. Code Ann. § 46.05(a) (Vernon 2003) (prohibited
weapons include switchblade knives).  

1.         Prohibited Weapon

The Texas Penal Code defines a switchblade knife as
“any knife that has a blade that folds, closes, or retracts into the handle or
sheath, and that: (A) opens automatically by pressure applied to a button or
other device located on the handle; or (B) opens or releases a blade from the
handle or sheath by the force of gravity or by the application of centrifugal
force.”  Tex. Pen. Code Ann. §
46.01(11) (Vernon 2003).  Although the
Penal Code does not define “automatic,” Webster’s dictionary defines
“automatic” as “acting or done spontaneously or unconsciously,” or “having a
self-acting or self-regulating mechanism.”  Webster’s Ninth New Collegiate Dictionary 118
(1983).

At
the bench trial, Officer George Ortiz testified the knife had a lever on its
side and applying pressure to the lever automatically opened the blade.  

Well, it has like a
little button.  It’s a lever that’s on
the blade.  And all you have to do is
barely just touch it and it opens . . . Any time you can just go like this and
it opens, it has a spring and that springs it into action and that’s what makes
it prohibited.

 

He demonstrated
the use of the knife for the court, showing that it was a pressure sensitive
knife which is resistant to closing. 
Moreover, during cross-examination, he explained “what makes this knife
a dangerous knife is because you can open a knife so quickly and go into an
assault.”

Ortiz
did acknowledge that he could not testify whether Thomas was aware that the
knife was illegal.  In his defense,
Thomas testified that the knife was not spring-loaded, but instead had a
“gravity torsion bar” and that the knife did not have a spring.  The evidence substantiated that the blade was
spring-loaded and swings into an extended and locked position with the push of
a button or lever. The handle is equipped with a clip in order that the knife
can be attached to a belt or the lip of a pocket and be easily accessed. After
viewing all the evidence in the light most favorable to the verdict, we hold
that a rational trier of fact could have found that the knife was a “switchblade”
as defined by Penal Code Section 46.01(11).  Tex.
Pen. Code Ann. §
46.01(11); see Flores
v. State, 716 S.W.2d 505, 507 (Tex. Crim. App. 1986).  Additionally, viewing all of the evidence in
a neutral light, the evidence was not so weak that the jury’s verdict seems
“clearly wrong and manifestly unjust.”  Watson, 204 S.W.3d at 417.

2.         Location

            During trial, the State alleged
Thomas was on the grounds of the Floresville Boot Camp, an educational facility.  Thomas argues that proof the offense occurred
at the Floresville Boot Camp is absent from the record.  Raymond Robinson, the at-risk coordinator for
the Floresville School District,  explained
that the “Choice Program,” in which Thomas was enrolled, is an alternative “computer-based
program that allows students who have been out of school for a while” to
reclaim or recapture school credits.  On
November 5, 2005, the students from the Choice Program were asked to leave the
building so that a narcotics task force could sweep the building.  The students were standing behind the
building, as directed, when Robinson noticed a “clip hanging on [Thomas’] left
front pocket.”  Thomas acknowledged the
knife was his and Robinson took possession of the knife and gave it to a member
of the Floresville Police Department.

Robinson
described the facilities as “two different portable buildings that sit side by
side separated by a [ten to fifteen foot] deck that’s built between the
two.  And there is a boot camp component
in one of the buildings and then the Choice Program in the other part of the
building.”  He continued that the
students were different, but the complex was the same.

A
rational trier of fact could have found the Choice Program and the Floresville Boot
Camp were on the same premises and thus the evidence was sufficient to
substantiate this element of the offense. 
Accordingly, we overrule Thomas’ issues with regard to the sufficiency
of the evidence.

Mistake of Fact

Thomas’
mistake of fact defense is twofold: he did not know the knife was in his pocket
and he did not believe that it was a prohibited weapon.  “It is a defense to prosecution that the actor
through mistake formed a reasonable belief about a matter of fact if his
mistaken belief negated  the kind  of  culpability
required for commission of the offense.”  Tex.
Pen. Code Ann.

 § 8.02(a) (Vernon 2003).  Mistake of fact, however, does not lie where
the “mistaken belief is not reasonable.”  Gant v.
State, 814 S.W.2d 444, 452 (Tex. App.—Austin 1991, no pet.).  A reasonable belief is one that would be held
by an ordinary and prudent man in the same circumstance as the actor.  Tex.
Pen. Code Ann. § 1.07(a)(42) (Vernon 2003).    

In
a nonjury trial, we give deference to the trial judge’s rulings as the
exclusive judge of the credibility of the witnesses.  Mattias
v. State, 731 S.W.2d 936, 940 (Tex.
Crim. App. 1987).  During trial, Thomas
testified that he would not have taken the knife to school had he thought it
was a switchblade.  However, under
cross-examination, Thomas insisted that he did not know he had any
knife on him at the time of the incident. 
Taking into consideration the testimony of Robinson and Ortiz, the trial
court apparently chose not to believe that Thomas was acting under a mistaken
belief that his knife was not “spring-loaded.”  Likewise, the court did not have to accept
Thomas’ claim that he did not know he had the knife in his possession.  The evidence was sufficient for the trier of
fact to reasonably find against Thomas on the alleged mistake of fact and find beyond
a reasonable doubt the instrument seized was a prohibited knife and that Thomas
intentionally and knowingly possessed it. 
We, therefore, overrule Thomas’ issue on appeal.

Conclusion

            The evidence was
sufficient for a reasonable trier of fact to determine the knife in question
was spring-loaded and therefore a prohibited weapon and that Thomas possessed
the same on the premises of an educational institution.  Additionally, although Thomas testified
regarding his mistake of fact, the trial court was authorized to accept or reject
any or all of the testimony. 
Accordingly, we affirm the judgment of the trial court.

 

 

Rebecca
Simmons, Justice

 

 

 

DO NOT PUBLISH