**Affirmed and Memorandum Opinion filed June 3, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00306-CR

**DALE RYMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1313686**

## M E M O R A N D U M    O P I N I O N

Following a bench trial, appellant Dale Ryman was convicted of failure to comply with the sexually violent predator civil commitment requirements. *See* Tex. Health & Safety Code Ann. § 841.085 (West 2010). The trial court sentenced appellant to confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice. On appeal, appellant claims the evidence is

legally insufficient to support his conviction and the trial court erred in overruling his motion for a directed verdict.

## STANDARD OF REVIEW

Because a challenge to the trial court's ruling on a motion for a directed verdict is a challenge to the sufficiency of the evidence to support the conviction, we consider appellant's first and second issues together. *See Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990), *overruled on other grounds, Geesa v. State,* 820 S.W.2d 154 (Tex. Crim. App. 1991). In a legal sufficiency review, we apply well-established standards. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001). We determine whether a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). In making this determination, we consider all evidence that the trier of fact was permitted to consider in the light most favorable to the verdict. *Goodwin v. State,* 376 S.W.3d 259, 264 (Tex. App.—Austin 2012, pet. ref'd).

"The trial judge, when sitting as the sole trier of facts, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony." *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). The trial judge may choose to believe all, none, or some of the evidence presented to it. *See Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995). We presume the trial judge resolved any conflicting inferences and issues of credibility in favor of the judgment. *See Goodwin,* 376 S.W.3d at 264. Such conflicts will not call for reversal so long as there is enough credible testimony to support the conviction. *See Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).

## THE EVIDENCE

Following an Agreed Final Judgment and Order of Civil Commitment that declared him to be a sexually violent predator, appellant was committed for outpatient treatment and supervision until his "behavioral abnormality has changed to the extent that [he] is no longer likely to engage in a predatory act of sexual violence." As part of the commitment, the judgment notified appellant that if he violated a commitment requirement, he might be charged with a third degree felony, which might be enhanced to a more severe punishment.

Michael Wodkins testified appellant was referred to the Outpatient Sexually Violent Predator Treatment Program under his supervision for sex offender treatment in November 2008. Wodkins or his co-therapist met with appellant twice a week in group treatment and twice a month for individual treatment. The contracts and updated contracts containing rules governing treatment were given to appellant and he acknowledged receiving them by his signature.[1] Wodkins testified appellant violated those rules several times. Although Wodkins acknowledged that the violations at issue appear to be minor, he stated the civil commitment program is designed to be a no-tolerance program because very strict enforcement and close supervision are necessary for "people who engage in actual sexual violence." Wodkins explained that appellant had been assessed as having a lack of impulse control and a tendency toward aggressive behavior. So the rules provided to appellant were "targeted to the concerns [Wodkins] had as his treatment provider."

---

[1] Wodkins conceded the specific rules that appellant "acknowledged and later violated" were not among the rules contained in the documents admitted into evidence at trial. Wodkins stated those rules were in updated forms from the Office of Violent Sex Offender Management and were in the possession of appellant's case manager. Wodkins testified, "I know they were gone over with him with his case manager."

3

Wodkins testified about the violations. On August 6, 2010, appellant was unprepared for the group session. On September 3, 2010, appellant was attending a group session, and when Wodkins confronted him about inconsistencies in his answers, appellant became hostile and argumentative; Wodkins removed him from the group. Wodkins testified his conduct was a violation of the rules against engaging in aggressive or abusive behavior with anyone.

Wodkins testified that appellant failed to comply with the requirement that any rule violation be reported at the next treatment session after the rule violation occurs. Appellant failed to report on November 29, 2010, that he had become involved in an altercation at the Southeast Texas Transitional Center. Wodkins recalled the incident occurred on November 25, 2010, Thanksgiving Day, but appellant did not report it at the next treatment session, November 29, 2010; appellant instead reported it on December 3, 2010. Wodkins testified that he had discussed with appellant, and appellant had knowledge, that he was supposed to report such incidents.

On December 10, 2010, appellant was placed on zero tolerance status. Wodkins explained that meant any violation of the rules would result in discharge from the program. Wodkins discussed with appellant "that any further aggressive behavior on his part under any circumstances would not be tolerated and he would be discharged." Appellant acknowledged that he understood.

An incident that occurred on February 4, 2011, led Wodkins to form an opinion that appellant should not remain in the program because he had not made appropriate progress with his treatment plan. Wodkins testified that appellant continued to engage in "aggression and aggressive profane behavior." Wodkins described the incident as "[appellant] had engaged in aggressive and threatening

4

behavior against another resident at the Southeast Texas Transitional Center." Appellant was discharged from the program the next day, February 5, 2011.

Raul Escobar, a maintenance supervisor with appellant's program, testified about the February 4, 2011 incident. Mr. Escobar knew appellant as one of the residents in the sex offender treatment program. On that day, Escobar was with two other staff members in an office next to the room where a meeting was taking place. "[A]ll of a sudden, we hear a big, big loud noise like somebody either punched a wall or somebody got hit against the wall . . . ." They went to the meeting room and Escobar saw appellant and another resident, "they were loud they were face-to-face. They were ready to fight." Escobar stepped in between them to prevent a fight. Escobar testified appellant "was very aggressive" and "violent." He stated that appellant's conduct that day violated the rules for residents.

On cross-examination, Escobar testified appellant and Richards were equally aggressive towards each other. He saw no evidence that anyone had been hit and he could not determine what caused the loud noise. Escobar did not know what may have provoked what he witnessed. He testified that when he stepped between them, no one struck him and both men left.

## ANALYSIS

"A person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082." Tex. Health & Safety Code Ann. § 841.085(a) (West 2010). Proof of a violation of any commitment requirement is sufficient to support conviction under section 841.085. *Adams v. State,* 222 S.W.3d 37, 50 (Tex. App.—Austin 2005, pet. ref'd).

The order of civil commitment in this case required appellant to participate in and comply with a specific course of treatment as determined by the CSOT (Council on Sex Offender Treatment) and follow appropriate written supervision requirements of the CSOT and his case manager. The trial court heard uncontradicted evidence that appellant violated rules against engaging in aggressive behavior. Appellant self-reported that he had become involved in an altercation. There was testimony that the rules were in updated forms that appellant was made aware of by his case manager. Accordingly, we conclude that a rational trier of fact could find beyond a reasonable doubt that after having been adjudicated and civilly committed as a sexually violent predator, appellant violated a civil commitment requirement. *Jackson*, 443 U.S. at 319. We overrule issues one and two.

The judgment of the trial court is affirmed.


/s/     Sharon McCally
Justice


Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).