REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

December 4, 2015

ABEL ACOSTA, CLERK

PD-0995-15, PD-0996-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/3/2015 9:54:51 PM
Accepted 12/4/2015 1:06:50 PM
ABEL ACOSTA
CLERK

# IN THE
## TEXAS COURT OF CRIMINAL APPEALS

**KENNETH TURNER**
**Petitioner**

**v.**                                     **NO. PD-0995-15**
                                          **PD-0996-15**

**STATE OF TEXAS**
**Respondent**

_____

## MOTION FOR REHEARING
_____

**DARIAN HOWARD**
**SBN: 24067669**
**P.O. BOX 411252**
**DALLAS, TEXAS 75241**
**(214)372.3333 (Telephone)**
**(214)372.3320 (Facsimile)**
**darianhoward@yahoo.com (Email)**

Motion for Rehearing                         1

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Petitioner requests that this Honorable Court re-examine the Court of Appeals decision affirming the Trial Court's finding of guilt in this matter. The following allegations are made in support of this motion.

Rehearing is appropriate in this matter on the basis of issues one and two of Petitioner's brief. In Petitioner's first issue the Court of Appeals made a finding that the evidence was legally sufficient to find Petitioner guilty of the crime of possession of a controlled substance with the intent to distribute. In analyzing whether the evidence was factually sufficient to support the conviction, we must determine "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson v. State*, 23 S.W. 3d 1, 11 (Tex. Crim. App. 2000).

To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *Joseph v. State*, 897 S.W. 2d 374, 376 (Tex. Crim. App. 1995). When the accused is not in exclusive possession of the substance, the State is required to present evidence affirmatively linking Petitioner to the contraband. Possible affirmative links include: (1) whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) whether the

Motion for Rehearing                                   2

drugs were found in proximity to and accessible to the defendant; (4) whether the defendant was under the influence of drugs when arrested; (5) whether the defendant possessed other contraband or drug paraphernalia; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether the defendant owned or had the right to possess the place where the drugs were found; (11) whether the place the drugs were found was enclosed; (12) the amount of drugs found; (13) whether the defendant possessed weapons; and (14) whether the defendant possessed a large amount of cash. Although Petitioner was present in the apartment, he was in the bathroom, which was a closed off area in the apartment. There is no evidence present as to how long Petitioner had been in the bathroom. The officers did not testify that they detected an odor of drugs during their investigation, nor did Petitioner have possession of a weapon. Furthermore, there was no evidence of mail in appellant's name, clothing belonging to Petitioner, or any other evidence linking appellant to the residence found at the apartment. Petitioner, as well as complainant testified that Petitioner and his child had arrived at the apartment the night before. The testimony of complainant as well as the items found on Petitioner, confirm that Petitioner did not have a key to her apartment and the residence belonged to her and her mother, and not appellant. Nothing in the way of evidence was presented at trial to connect Petitioner to the residence. None of the possible affirmative links in the case at bar, have

any applicability to the evidence adduced at trial. The only possible affirmative links, as mentioned by the Court of Appeals, tying Petitioner to the drugs was his presence in the apartment when the search ensued, and Officer Wilkerson's testimony that the drugs where in plain view. Although the Court of Appeals mentioned in its opinion that the firearm was found in plain view next to a bag of marijuana and cocaine, the testimony at trial do not place the gun on the dresser in close proximity to the marijuana and cocaine. Furthermore, only the marijuana was found in plain view on the dresser by Officer Wilkerson.

On Petitioner's second issue, the Court of Appeals made a finding that the evidence was legally sufficient to find Petitioner guilty of the crime of unlawful possession of a firearm by a felon. When considering the logical force of the factors set out by precedence, the evidence is legally insufficient to link appellant to the firearms found at complainant's residence. A close look at the evidence presented at trial, shows that one of the firearms found was found in plain view by Officer Cole. However, when viewing the circumstances logically, this factor does not help to establish whether Petitioner had knowledge of possession of the firearm. Moreover, the testimony puts Petitioner in a closed in bathroom, which was a good distance from the firearm found.

In the case at bar, Officer Wilkerson testified that he requested identification from Petitioner and that he saw him pull it out of a gray coat. Officer Wilkerson later found

the other firearm in that same gray coat. This factor appears to possibly link appellant to the other firearm found. However, the inconsistent testimony of Officer Wilkerson, coupled with complainant and Petitioner's testimony, eliminates reasonableness of this factor. The testimony of Officer Wilkerson is controverted by the testimony of Petitioner, who states that his identification was in his pants pocket, along with the rest of the items he brought with him. Furthermore, complainant testifies that Petitioner was not wearing a jacket on when he came to her home. The testimony of Officer Cole also conflicts with that of Officer Wilkerson's testimony, in regards to the gray coat and the finding of the second firearm. Officer Cole states, "I hear my partner, "You gonna try to shoot me?" He further states, "I go in a couple of steps and he's showing me the other pistol. He's trying to go in the coat." Officer Cole's testimony paints a picture of Officer Wilkerson seeing the weapon in an open area, almost surprisingly, before he makes the statement "You gonna try to shoot me?" This is inconsistent with Officer Wilkerson's version of the facts, as he stated he searched the coat and then found the gun. Officer Cole further testifies that he never saw Petitioner in possession of the coat. For that reason, Petitioner urges this Honorable Court to revisit this matter.

**WHEREFORE, PREMISES CONSIDERED,** Petitioner prays that this Honorable Court grant Petitioner's Motion for Rehearing and resume this matter for those reasons alleged herein.

**Respectfully Submitted,**


**THE LAW OFFICE OF DARIAN HOWARD, PLLC**
P.O. Box 411252
Dallas, Texas  75241
(214) 372.3333 (Telephone)
(214) 372.3320 (Facsimile)


  /s/ Darian Howard
**Darian Howard**
**State Bar No.  24067669**

ATTORNEY FOR KENNETH TURNER