In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-483 CR


NO. 09-02-485 CR


____________________



KELVIN WAYNE VALCIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 83216, 84716






O P I N I O N


 The trial court found Kelvin Wayne Valcin guilty of aggravated assault in Cause
No. 84716 and assessed his punishment at two (2) years in the Institutional Division of the
Texas Department of Criminal Justice. Heard along with the aggravated assault charge
was Cause No. 83216 in which the State had filed a Motion to Revoke Unadjudicated
Probation, and in which Valcin earlier had pleaded guilty to possession of a controlled
substance in accordance with a plea bargain agreement. The State's Motion to Revoke was
based on four allegations. While pleading true to allegations two, three, and four, Valcin
pleaded untrue to allegation one, the aggravated assault allegation, which was based on the
offense charged in Cause No. 84716. 

 After finding Valcin guilty of aggravated assault, the trial court found as true the
State's allegation Valcin had committed the aggravated assault offense and further found
Valcin guilty of the possession offense and assessed punishment at two years confinement
in a State jail facility. 

 Valcin filed notices of appeal and brings the same two issues in both causes. In
issue one, Valcin maintains the trial court abused its discretion by refusing to consider the
scientific analysis of a gunshot residue report. In issue two, Valcin contends the trial court
applied the State's argument to use a "common sense" test rather that the "Kelly Factors"
in interpreting the conclusions of the gunshot residue report. Both issues relate to the trial
court's decision to adjudicate guilt, and it is well settled that no notice of appeal may be
taken from the hearing in which the trial court determines to proceed with an adjudication
of guilt on the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon
Supp. 2003). Thus, we have no jurisdiction to consider Valcin's issues as they relate to
Cause No. 83216 in which the State filed its Motion to Revoke Unadjudicated Probation,
but will consider them in Valcin's appeal of his aggravated assault conviction.

 At trial, the State introduced, without objection, a gunshot residue report prepared
by the Texas Department of Public Safety ("DPS"). DPS tested hand swabs taken from
Valcin and Willie Gloston, the complainant, to determine the presence of gunshot primer
residue (antimony, barium, and lead). The DPS analysis concluded that "[a]mounts of
antimony, barium and lead consistent with gunshot residue were not detected on the hand
swabs from Kelvin Valcin." (1) While no amounts of antimony, barium, or lead were
detected on the backs of Gloston's hands, the test revealed amounts of antimony and
barium on his palms. But, DPS concluded that due to the lack of sufficient quantities of
lead, the results of the tests on Gloston's hand swabs were inconclusive for the presence
of gunshot primer residue. 

 During final argument, Valcin's counsel urged the trial court to consider that none
of the gunshot primer residue ingredients were found on Valcin's hands while two of the
three ingredients were found on Glostons's hands. The trial court responded that the
report "doesn't mean anything at all." 

 In issue one, Valcin maintains the trial court abused its discretion by refusing to
consider the scientific analysis of a gunshot residue report. Valcin argues the State's own
evidence creates reasonable doubt as to his guilt because the State failed to explain the
expert conclusions in the report and also failed to explain the lack of residue on his hands.
Valcin contends the trial court's failure to consider the report's results is a failure to
consider uncontroverted exculpatory scientific evidence of his innocence.

 However, the trial court heard other evidence also. According to Willie Gloston
and another witness, Valcin pointed a gun at Gloston while verbally threatening him. 
Valcin also fired the gun in Gloston's direction, according to Gloston. The two other
witnesses remember the gun being fired when Valcin and Gloston were fighting. When
acting as the trier of fact, the trial court is the exclusive judge of the credibility of the
witnesses and the weight to be given to their testimony, including any contradictory
testimony. See Cain v. State 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); Joseph
v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). As such, the trial court is free
to accept or reject all or any portion of any witness's testimony. Adelman v. State, 828
S.W.2d 418, 421 (Tex. Crim. App. 1992). Here, as the sole trier of fact, the trial court
also was entitled to consider the inconclusive nature of the report along with the witnesses'
testimony in reaching its decision that Valcin was guilty. Issue one is overruled.

 In issue two, Valcin contends the trial court applied the State's argument to use a
"common sense" test rather that the "Kelly Factors" in interpreting the conclusions of the
gunshot residue report. See Kelly v. State, 824 S.W.2d 568, 573 (Tex. Crim. App.
1992). Here, however, Kelly does not apply as the report was admitted into evidence
without objection. In Kelly, the Court determined that a proponent of expert testimony or
evidence based on scientific theory must demonstrate the evidence's reliability and
relevance, based on certain factors, before the evidence may be admitted for the fact
finder's consideration. Id. Thus, Kelly addresses admissibility of evidence; it does not set
standards by which the trier of fact must judge the evidence once it has been admitted. 
Issue two is overruled.

 We dismiss that part of the appeal relating to Cause No. 83216 because we have no
jurisdiction over it and we affirm the trial court's judgment relating to Cause No. 84716.

 PER CURIAM

Submitted on July 17, 2003 

Opinion Delivered July 30, 2003

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. The report noted that the absence of gunshot primer residue is consistent with any
of the following conditions: (1) a person has not recently fired a weapon or been in the
immediate proximity of a weapon as it was being fired; (2) gunshot primer residue was
deposited, but then was removed or reduced; (3) the weapon and/or ammunition did not
deposit gunshot primer residue in sufficient quantities for detection on the hands of the
person firing the weapon.