Opinion to issue January 29, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00989-CR




JOHN PICKENS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court 
Harris County, Texas
Trial Court Cause No. 907555




MEMORANDUM OPINION

          Following a bench trial, the court found appellant, John Pickens, Jr., guilty of
possession of less than one gram of cocaine. On appellant’s plea of true, the trial
court found the two enhancement paragraphs in the indictment to be true, and
assessed punishment at eight years’ imprisonment. We address (1) the legal and
factual sufficiency of the evidence to support appellant’s conviction and (2) whether
the trial court erred in making affirmative findings in the judgment. 
          As modified, we affirm the judgment of the trial court.
Background
          At trial, Harris County Sheriff’s Deputy Stech testified for the State as follows. 
Based on an anonymous phone call informing him that appellant was selling crack
cocaine from the Astros Inn Motel, Deputy Stech conducted a surveillance of room
311 at the motel. Deputy Stech observed a woman coming and going from the room
throughout the morning hours. After observing the room for two-and-one-half hours,
Deputy Stech decided to do what he termed as a “knock and talk.” 
          Deputy Stech and a patrol officer were about to knock on the motel room door
when the female that Deputy Stech had observed coming and going from the room
opened the door. As he spoke to the woman in the open doorway of the room, Deputy
Stech observed appellant sitting on the edge of the bed and saw a crack pipe, Brillo
pads, and razor blades on the bedside table within arm’s reach of appellant. Deputy
Stech also observed white residue on all of the drug paraphernalia items. To Deputy
Stech, the white residue was an indication of crack cocaine use. Deputy Stech tested
the residue on the items with a “C-pack test kit.” The residue tested positive for
cocaine.
          Appellant told Deputy Stech that he felt that he should be allowed to smoke
crack cocaine in the privacy of his own room. Appellant did not appear surprised to
see the drug paraphernalia on the bedside table. Deputy Stech described appellant’s
tone as “very, very cocky.” 
          Sharmi Patel, a criminologist for the Houston Police Department crime lab,
also testified at trial for the State. Patel stated that she tested each piece of drug
paraphernalia Deputy Stech had found on the bedside table using a “microcrystalline
test and some instrumental test.” The tests showed that each item contained cocaine
residue. When asked whether she was able to obtain a weight on the cocaine, Patel
testified that she had not because it was “residue.” Patel testified that the term
“residue” indicates that it is a “small amount.” Patel agreed with the prosecutor that
a “small amount” of cocaine would be less than one gram of cocaine by aggregate
weight, including any adulterants and dilutants. 
          Appellant also testified at trial. He admitted that he had been living at the
motel for three or four days before Deputy Stech found the cocaine residue. 
Appellant claimed that he did not bring the drug paraphernalia into the motel room
and had not seen it sitting on the nightstand. Appellant stated that other unidentified
people had been in the room the night before smoking crack cocaine. Appellant also
denied smoking crack cocaine but testified that he had obtained crack cocaine for the
woman who was staying in the room with him.
Discussion
A.      Sufficiency of the Evidence

          In issues one and two, appellant challenges the legal and factual sufficiency of
the evidence to support his conviction. To convict an accused of unlawful possession
of a controlled substance, the State must prove two elements: (1) that the accused
exercised care, custody, control, or management over the contraband; and (2) that the
accused knew the matter was contraband. Gilbert v. State, 874 S.W.2d 290, 297
(Tex. App—Houston [1st Dist.] 1994, pet. ref’d); see also Tex. Health & Safety
Code Ann. § 481.002(38) (Vernon 1992). 
          In support of his legal sufficiency challenge, appellant argues that the evidence
failed to show that he knew the drug paraphernalia contained cocaine. Appellant
points out that the evidence showed that the cocaine contained in the residue on the
drug paraphernalia was too small to be measured. Appellant also cites to the fact that
the State’s criminologist, Sharmi Patel, did not testify that she could see the cocaine
residue with her naked eye. 
          Contrary to appellant’s contention, the State is not required to prove that the
defendant possessed a measurable amount of a controlled substance, or that the
substance is visible to the naked eye. See Joseph v. State, 897 S.W.2d 374, 376 (Tex.
Crim. App. 1995); King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). 
Rather, when the quantity of a controlled substance is so small that it cannot be
measured, as in this case, the State must present evidence other than mere possession
to prove the defendant knew the substance in his possession was a controlled
substance. See Joseph, 897 S.W.2d at 376; King, 895 S.W.2d at 703. 
          To determine whether the State met its burden on this point, we apply the usual
standard of review for a legal sufficiency challenge; that is, we view the evidence in
the light most favorable to the verdict to determine whether a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The standard is the same
for both direct and circumstantial evidence. Sutherlin v. State, 682 S.W.2d 546, 548-49 (Tex. Crim. App. 1984). 
          Viewing the evidence in the light most favorable to the verdict, the following
circumstantial evidence is evidence from which a rationale trier of fact could have
reasonably inferred that appellant knew that the drug paraphernalia contained
cocaine: (1) Deputy Stech’s testimony that he saw white residue on several items of
drug paraphernalia within arm’s reach of appellant; (2) appellant’s testimony that he
had obtained crack cocaine for the woman staying in the room with him; (3)
appellant’s testimony that other persons had smoked crack cocaine in the room the
previous night; and (4) Stech’s testimony that appellant told him that appellant
believed that he should be allowed to smoke crack in his room. The State met its
burden of presenting evidence other than mere possession to prove appellant knew
the substance on the drug paraphernalia was a controlled substance. We hold that the
evidence presented at trial was legally sufficient to show that appellant knew that the
drug paraphernalia contained cocaine.
          We next turn to appellant’s factual sufficiency challenge found in his second
issue. In a factual sufficiency review, we examine all of the evidence neutrally and
ask whether proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. See Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.
Crim. App. 2003). We review the evidence weighed by the jury that tends to prove
the existence of the elemental fact in dispute and compare it with the evidence that
tends to disprove that fact. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996). But we must avoid substituting our judgment for that of the factfinder. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The factfinder is the sole
judge of the weight and credibility of witness testimony. Id. 
          In our review, we must consider the most important evidence that the appellant
claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). In his brief, appellant cites to the following lack of evidence to support
his factual sufficiency challenge:
There was no testimony . . . that Appellant was under the influence of
drugs, had any illegal drugs or drug paraphernalia on his person, had any
large amounts of money from drug sales, had cocaine in the room, had
matches or lighters to smoke the cocaine, or any evidence that crack
cocaine had been smoked before the Deputy entered the room—such as
odors, a smokey haze, or warm or hot crack pipes. Appellant made no
furtive gestures and did nothing to indicate that he knew the items in the
room had been used for crack cocaine consumption.
 
          Although not expressly stated, appellant appears to be asserting that there was
factually insufficient evidence to affirmatively link him to the cocaine in the room. 
“Affirmative links” is a shorthand expression to identify what must be proven in a
prosecution for the possession of illegal drugs. Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995). An accused must not only have exercised actual care,
control, custody, or management of the substance, but must also have been conscious
of his connection with it and have known what it was. See id. Evidence that
affirmatively links an accused to the controlled substance suffices for proof that he
possessed it knowingly. See id. The State must establish, to the requisite level of
confidence, that the accused’s connection with the drug was more than just fortuitous. 
Id. 
          Factors that have been considered as establishing affirmative links with
contraband include: (1) presence when the search was executed; (2) contraband in
plain view; (3) proximity to and accessibility of the contraband; (4) accused under the
influence of contraband when arrested; (5) accused’s possession of other contraband
when arrested; (6) accused’s incriminating statements when arrested; (7) attempted
flight; (8) furtive gestures; (9) odor of the contraband; (10) presence of other
contraband; (11) accused’s right to possession of the place where contraband was
found; and (12) narcotics found in an enclosed place. Robles v. State, 104 S.W.3d
649, 651 (Tex. App.—Houston [1st Dist.] 2003, no pet.); State v. Derrow, 981
S.W.2d 776, 779 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). Although the
State did not present evidence of all of the factors listed, such failure was not fatal to
the State’s case. There is no set formula necessitating a finding of an affirmative link,
but rather, affirmative links are established by the totality of the circumstances. 
Robles v. State, 104 S.W.3d at 651; Sosa v. State, 845 S.W.2d 479, 483 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d). 
          The evidence showed that, by his own admission, appellant had been living in
the motel room for three or four days, had obtained crack cocaine for the woman
staying in the room with him, believed that he had the right to smoke crack in his
room, and had witnessed other people smoking crack cocaine in the room. In
addition, Deputy Stech testified that white residue was visible on the drug
paraphernalia, which was sitting in plain view and within arm’s reach of appellant. 
          To the extent that there was a lack of evidence as to certain affirmative link
factors, we note that the trial court, as the trier of fact in this case, was the sole judge
of the credibility of witnesses and the weight to be given to testimony. See Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
          We conclude that the State’s proof of appellant’s culpable mental state with
regard to his knowledge that he possessed cocaine was not so obviously weak that it
undermines confidence in the verdict; neither is the State’s proof greatly outweighed
by contrary proof. See Zuliani, 97 S.W.3d at 593-94. Viewing all of the evidence in
a neutral light, we hold the evidence to be factually sufficient.



          We overrule appellant’s issues one and two.
B.      Affirmative Findings
          In issue three, appellant complains that the trial court erred by entering various
affirmative findings in the judgment. The State agrees and requests this Court to
sustain this issue and to modify the trial court’s judgment to delete these findings. 
We also agree that the affirmative findings were entered in error. This Court has the
power to delete a finding that was erroneously entered in the judgment without a
factfinder’s first having made the finding. See Tex. R. App. P. 43.2(b); see also Cobb
v. State, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.).
          Accordingly, we sustain appellant’s issue three and modify the judgment to
delete the affirmative findings.
Conclusion
          As modified, we affirm the judgment of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).