COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RICHARD BLAKE BRADLEY,                           )

                                                                              )              
No.  08-03-00112-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
394th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Presidio County, Texas

Appellee.                           )

                                                                              )                      (TC# 2672)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Appellant Richard
Blake Bradley was charged by indictment with the offense of indecency with a
child.  Appellant pled not guilty.  After a bench trial, Appellant was found
guilty, and after a pre-sentencing investigation, the trial court sentenced him
to 5 years imprisonment in the Institutional Division, Texas Department of
Criminal Justice.  The Court of Criminal
Appeals granted Appellant=s
application for writ of habeas corpus, permitting Appellant to pursue this appeal
out of time.








Appellant=s court-appointed counsel has filed a
brief in which she has concluded that the appeal is frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh.
denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting
a professional evaluation of the record demonstrating why, in effect, there are
no arguable grounds to be advanced.  See
High v. State, 573 S.W.2d 807 (Tex.Crim.App. 1978); Currie v. State,
516 S.W.2d 684 (Tex.Crim.App. 1974); Jackson v. State, 485 S.W.2d 553
(Tex.Crim.App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App.
1969).  Appellant=s
counsel, however, proposes one arguable issue in the brief.

Appellant=s counsel has attempted to deliver a
copy of counsel=s brief
to Appellant, and by electronic mail and regular mail has informed Appellant of
his right to examine the appellate record and file a pro se brief.  No pro se brief has been filed.

INEFFECTIVE
ASSISTANCE OF COUNSEL

The arguable issue
presented in counsel=s
brief  is whether Appellant was denied
effective assistance of counsel because his trial counsel failed to investigate
the case and failed to call critical witnesses, Appellant=s parents.

Standard
of Review








We review claims
of ineffective assistance of counsel under the two-prong test set out by the
United States Supreme Court in Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  To prevail, the appellant must show that
trial counsel=s performance
was deficient, that is, counsel=s
representation fell below an objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812
(Tex.Crim.App. 1999); Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064.  The appellant must also show that counsel=s deficient performance prejudiced his
defense.  Strickland, 466 U.S. at
687, 104 S.Ct. at 2064; Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994).  This requires the
appellant to show there is a reasonable probability that, but for counsel=s unprofessional errors, the result of
the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Jackson,
877 S.W.2d at 771.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Strickland, 466 U.S. at
694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.

In reviewing an
ineffective assistance of counsel claim, we must indulge a strong presumption
that counsel=s conduct
falls within the wide range of reasonable professional assistance and the
appellant must overcome the presumption that the challenged conduct might be
considered sound trial strategy.  Thompson,
9 S.W.3d at 813; Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  Any allegation of ineffectiveness must be
firmly founded and affirmatively demonstrated in the record to overcome this
presumption.  Thompson, 9 S.W.3d
at 813; see Jackson, 877 S.W.2d at 771. 
It is the defendant=s
burden to prove ineffective assistance of counsel by a preponderance of the
evidence.  Thompson, 9 S.W.3d at
813.

Factual
Background








The complainant,
thirteen-year-old C.N., testified that on December 12, 1997, she and her
girlfriends attended a sleep-over held by Appellant=s
younger sister, L.B.  The girls settled
down for the night in the fold-out bed in the couch in the living room,
watching television and talking to each other. 
Appellant was sitting in the recliner chair in the room.  Appellant moved out of the chair and sat by
the bed.  C.N. testified that during the
sleep-over, Appellant put his hands under the covers and touched her breasts
and vagina under her clothes.  C.N. got
out of bed and took her friend M.Q. with her to the bathroom.  Appellant left and slept in another room of
the house.  C.N. woke up L.B. and her
friends and told L.B. what had happened. 
C.N. was crying and told L.B. she wanted to wake up her parents, but
L.B. said no.  On the following day, a
Saturday, C.N. did not tell L.B.=s
parents about what happened the night before. 
She did not tell her mother either because she was scared and did not
know how her mother would react.

M.Q. testified
that Appellant touched her under her legs, but she grabbed his hand and
scratched it.  A few minutes later, she
switched places with C.N. in the bed. 
She saw Appellant put his hands under the covers and she remembered that
C.N. started to nudge her and look at her like she needed help.  M.Q. offered similar testimony to C.N.=s about what happened next.  The following day, M.Q. did not tell L.B.=s parents or her mother about what had
happened.

The following
Monday, the girls went to see Holly Tuck, their junior high school
counselor.  Ms. Tuck testified that six
or seven girls were in her office after lunch. 
C.N. was extremely upset.  Ms.
Tuck sat her in her office with the door closed and asked her what was going
on.  C.N. told her that over the weekend,
she had been touched inappropriately in a private place.  C.N. told her that she had gone to a
sleep-over after the school dance on December 12 and that during the evening,
Appellant touched her under her shorts. 
Ms. Tuck notified the school principal, interviewed the other girls
individually, interviewed C.N. again, and informed C.N.=s
mother about what she had been told.

C.N.=s mother testified that she went down
to the police station after her meeting with Ms. Tuck.  She met with the chief of police.  The police took her statement and said they
would get back to her.  A few months
passed and from a contact, C.N.=s
mother learned that they had forgotten about her case and she later received an
apology.  However, again they did not
call her back.  On January 22, 1998, C.N.=s mother filed a complaint with the
Presidio County Sheriff=s
Office and C.N. gave a videotaped statement.








Chief Deputy Alton
R. Taylor of the Presidio County Sheriff=s
Office went to Appellant=s
home, advised him of his rights, informed Appellant about the allegations made
against him, and asked him if he wanted to give a statement.  Appellant said he did not want to talk to him
about it, so Deputy Taylor left.  Later
that same evening, Deputy Taylor received a call from Appellant, who said he
had changed his mind and wanted to make a statement concerning the allegations.  Deputy Taylor picked up Appellant and drove
him to the sheriff=s
office.  Before taking his statement,
Deputy Taylor advised Appellant of his rights and gave the Miranda
warnings.  Appellant told him that he
understood those rights.  During
cross-examination, Deputy Taylor conceded that he did not talk to the police
department about the case.

Appellant=s voluntary statement was admitted into
evidence.  In his statement, Appellant
described a consensual sexual encounter with C.N.  At trial, Appellant testified in his
defense.  He recanted the statement he
gave to the police.  He stated that he
gave the statement to please Deputy Taylor and because Deputy Taylor had scared
him by saying he would return with an arrest warrant and that he could get
twenty years to life for the offense. 
The State recalled Deputy Taylor, who testified that he did not
fabricate the statement and did not forge Appellant=s
signature to the statement.  Deputy
Taylor stated he wrote down everything Appellant told him and Appellant read
over the statement for several minutes. 
Deputy Taylor recalled telling Appellant at their first meeting that the
punishment range was up to twenty years maximum, not a life sentence.

Ineffective
Assistance Claim








Appellant argues
he was denied effective assistance of counsel when his trial counsel failed to
investigate the case and failed to call material witnesses who could contradict
testimony of the State=s
key witnesses, including the complainant. 
Appellant asserts that trial counsel should have investigated the Marfa
Police Department=s reasons
for its lack of interest in the case. 
Appellant also asserts that trial counsel failed to investigate the
theory that C.N. may have been motivated by a desire to save her
reputation.  Further, Appellant claims
his trial counsel was ineffective for failing to call Appellant=s parents to elicit their testimony
about the genial behavior of the girls on the morning after the alleged
incident.

Appellant=s counsel, however, concludes that this
case fails the prejudice prong of the Strickland test, because in
Appellant=s written
statement, he admitted to a consensual sexual encounter with C.N., who was
under fourteen years of age.  At trial,
Appellant recanted the statement, but as Appellant=s
counsel notes, the trial court was well within its function as fact finder to
weigh the evidence and evaluate the credibility of witnesses.  See Joseph v. State, 897 S.W.2d 374,
376 (Tex.Crim.App. 1995)(The trial court, as the trier of fact, is the
exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony).  We agree that
Appellant has not shown that there is a reasonable probability that but for
trial counsel=s
deficient performance, if any, the result of the proceeding would have been
different.  See Strickland, 466
U.S. at 687, 104 S.Ct. at 2064.  Thus,
Appellant=s
ineffective assistance of counsel claim fails. 
Appellant=s sole
issue is overruled.

Independent
Review of Record 

We have carefully
reviewed the entire record and counsel=s
brief and agree that the appeal is wholly frivolous and without merit.  Further, we find nothing in the record that
might arguably support the appeal.  We
affirm the trial court=s
judgment.

 

December
2, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)