Opinion filed March 15, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed March 15, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00391-CR 

                                                     __________

 

                                     SHANE
RAY JONES, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 142nd District Court

                                                        Midland County, Texas

                                                 Trial
Court Cause No. CR30201

 



 

                                                                   O
P I N I O N

 

Shane Ray Jones appeals his conviction of the
offense of possession of cocaine in an amount of less than one gram.  After a bench trial, the trial court
sentenced appellant to two years in the Texas Department of Criminal Justice,
State Jail Division.  However, the trial
court suspended the imposition of the sentence and placed appellant on
community supervision for two years.  In
two points of error, appellant contends that the evidence was legally and
factually insufficient to establish that he possessed the cocaine.  We affirm.

Sufficiency of the Evidence








In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light.  Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at
414-15;  Johnson, 23 S.W.3d at
10-11.  The trial court, as the trier of
fact, is the exclusive judge of the credibility of the witnesses and the weight
to be given to their testimony.  Joseph
v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

Testimony at Trial

In appellant=s
two points of error, he argues that the evidence was legally and factually
insufficient to affirmatively link appellant to the cocaine.  We disagree.

Officer Greg McCright of the Midland Police
Department testified that the department had received complaints of drug
activity at certain apartments of the Renaissance Apartments.  Sitting in an unmarked police car, he and
Officer Daniel Espinosa were watching those apartments late in the evening of
August 25, 2004.  They saw a new black
Dodge pickup pull into the parking lot and pick up a man who came out of one of
the apartments they were watching.  They
followed the Dodge pickup into the 2600 block of Mariana.  The officers passed the pickup and turned on Kimbough Street to
be out of view of the pickup.  Officer
McCright walked back to the corner and observed the man from the Renaissance
Apartments come back to the pickup and get in.








Officer McCright then said that the driver of the
pickup failed to use the turn signal when pulling back into the street.  The officers stopped the pickup based on that
traffic violation.  Officer Espinosa
contacted the driver while Officer McCright stood on the passenger=s side where the bed of the pickup and
the cab connect.  Officer McCright
testified that he could see that a woman was driving, appellant was sitting in
the front passenger seat, and the man from the Renaissance Apartments was in
the backseat.  The officers checked with
radio dispatch and learned that there was a warrant outstanding for the arrest
of appellant.  Based on the warrant,
Officer Espinosa placed appellant under arrest.

The woman gave her consent to a search of the
pickup, and the officers called for a canine unit to assist them.  The dog reacted to the front passenger seat,
and Officer Espinosa found a beer can with a crack pipe sticking out of
it.  Officer McCright testified that the
pickup had bucket seats in the front with a center console and that the can was
at the front of the passenger=s
seat between that seat and the console. 
The can was fizzing, and the officers found what appeared to be a crack
cocaine rock in the can.  The officers
field-tested the rock, and it tested positive for cocaine.  Appellant was then arrested for possession of
cocaine.

During cross-examination, Officer McCright said
that the driver could not have as easily reached over and picked up the can as
appellant could.  When asked if the
person in the backseat could Ain
some way have touched or possessed@
the can, Officer McCright said that he could have.

Officer Espinosa=s
testimony was similar to that of Officer McCright.  Officer Espinosa stated that the beer can was
not readily accessible to either the person sitting in the backseat or the
driver.  According to Officer Espinosa,
the person in the backseat could not have placed the can where Officer Espinosa
located it, and the driver was too short to reach over the console to place the
can.  Officer Espinosa identified the
crack pipe, the beer can, and the field-test swab as exhibits. Officer Espinosa
stated that the location of the beer can was within appellant=s reach and that, in his opinion, the
cocaine was appellant=s.  Both officers testified they had not seen any
of the three people in the pickup make any moves to place the can.  However, Officer Espinosa said that, because
of appellant=s height,
it would have required only a slight movement by him to place the can but that
the other two people would have had to make a drastic movement to do so.

Dennis Hambrick, a chemist with the state,
testified that the rock removed from the beer can was cocaine.  Christopher McPherson testified that he was
the person who was picked up by the driver of the black pickup and that he was
the person who went into a house on Mariana Street. McPherson said that he used
money from Kimberly Moore (the driver of the pickup and sister of appellant) to
purchase the crack cocaine, and after purchasing the cocaine and returning to
the pickup, he handed the crack cocaine to appellant.








In a possession-of-a-controlled-substance case,
the State must prove, either directly or circumstantially, that the accused
exercised actual care, custody, control, or management over the
contraband.  Tex. Health & Safety Code Ann. '
481.002(38) (Vernon Supp. 2006); Poindexter v. State, 153 S.W.3d 402,
405 (Tex. Crim. App. 2005).  The State
does not have to prove the accused had exclusive possession of the contraband;
joint possession is sufficient to sustain a conviction.  See Cude v. State, 716 S.W.2d 46, 47
(Tex. Crim. App. 1986).  When there is no
evidence appellant was in exclusive control of the place where the contraband
was found, the State must offer additional, independent facts and circumstances
affirmatively linking him to the contraband. 
See Poindexter, 153 S.W.3d at 406.  The purpose of affirmatively linking the
accused to the contraband is to protect innocent bystanders from conviction
based solely on their fortuitous proximity to the contraband.  See Poindexter, 153 S.W.3d at
406.  Poindexter lists possible
affirmative links, including the factor of whether the contraband was
conveniently accessible to the accused.  Poindexter,
153 S.W.3d at 411.  

The officers testified that the beer can, with its
contents of rock cocaine, was easily accessible to appellant and that it was
not easily accessible to the other two passengers.  That testimony, coupled with McPherson=s testimony that he handed the crack
cocaine to appellant, was probative evidence that appellant exercised care,
custody, and control over the cocaine. 
We find that the evidence was legally and factually sufficient to
support appellant=s
conviction.

This Court=s
Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

March 15, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.