Jack Georgelee HANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–07–00083–CR.

Court of Appeals of Texas,
Waco.

Dec. 5, 2007.

his lifetime. On December 14, 2006, Hance was convicted of two counts of failure to comply with the registration requirements as a sex offender and sentenced to seven years in prison. Because the evidence is both legally and factually sufficient to support the convictions under Counts One and Two, we affirm the trial court's judgment.

### BACKGROUND

After being released from prison in 2006 following a conviction for driving while intoxicated, Hance arrived at the Ellis County Sheriff's Office to register. Deputy Green reviewed the registration paperwork with Hance while Deputy McKinney observed. McKinney was training to replace Green.[1] When Hance did not report to the Sheriff's Office within 30 days to show that he had obtained an annually renewed driver's license, a warrant was issued for his arrest. While deputies were attempting to serve the warrant at Hance's residence, McKinney received a phone call from Hance informing McKinney that Hance now had a job. The deputies then arrested Hance at his place of work.

### STANDARDS OF REVIEW

Each of Hance's five issues on appeal involves either a legal sufficiency of the evidence challenge or a factual sufficiency of the evidence challenge. The standards of review are provided as follows.

In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560

J. Kent McGuire, McGuire & McGuire, Waxahachie, for appellant.

Joe F. Grubbs, Ellis County Dist. Atty., Waxahachie, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### OPINION

TOM GRAY, Chief Justice.

Jack Georgelee Hance was convicted in 1985 of aggravated sexual abuse. He was required to register as a sex offender for

---

1. Green passed away in August of 2006.

(1979). A legal sufficiency of the evidence review does not involve any weighing of favorable and non-favorable evidence. *Margraves v. State,* 34 S.W.3d 912, 917 (Tex.Crim.App.2000). Courts reviewing all the evidence in a light favorable to the verdict must assume jurors made all inferences in favor of their verdict if reasonable minds could, and disregard all other inferences in their legal sufficiency review. *Evans v. State,* 202 S.W.3d 158, 165 n. 27 (Tex.Crim.App.2006). When faced with conflicting evidence, the reviewing court presumes the trier of fact resolved any such conflict in favor of the prosecution. *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex. Crim.App.1999).

In a factual sufficiency review, the evidence is "reviewed in a neutral light. . . ." *Roberts v. State,* 220 S.W.3d 521, 524 (Tex. Crim.App.2007); accord *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000). "There is only one question to be answered in a factual sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Watson v. State,* 204 S.W.3d 404, 415 (Tex. Crim.App.2006) (quoting *Zuniga v. State,* 144 S.W.3d 477, 484 (Tex.Crim.App.2004), overruled on other grounds, *Watson* at 405). "Evidence is factually insufficient when . . . the evidence is 'so weak' that the verdict 'seems clearly wrong or manifestly unjust,' or the verdict is 'against the great weight and preponderance of the evidence.'" *Castillo v. State,* 221 S.W.3d 689, 693 (Tex.Crim.App.2007) (quoting *Watson* at 414–15, 417). "[A]n appellate court must first be able to say, with some objective basis in the record, that the great weight and preponderance of the . . . evidence contradicts the jury's verdict before

it is justified in exercising its appellate fact jurisdiction to order a new trial." *Watson* at 417.

### VARIANCE

■ In his first issue, Hance contends the evidence was legally insufficient to support his conviction under both counts because the State failed to prove that Hance failed to register with the local law enforcement agency in the *municipality* of Ellis County. Hance complains that he intended to reside in Ellis County and that Ellis County is not a municipality.[2] In essence, Hance is making a sufficiency of the evidence claim based upon a variance between the indictment and the proof at trial.

■ When faced with a sufficiency of the evidence claim based upon a variance between the indictment and the proof, only a material variance will render the evidence insufficient. *Gollihar v. State,* 46 S.W.3d 243, 257 (Tex.Crim.App.2001). Allegations giving rise to an immaterial variance may then be disregarded in a hypothetically correct jury charge but allegations giving rise to material variances must be included. *Id.* When reviewing a variance between the indictment and the proof, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.*

There is no indication in the record that Hance was confused about where he was required to register or about what offense

---

2. Hance did not, at any time, object to this language in the indictment or in the court's charge.

the State was charging him with. Hance also did not attempt to raise a defense that the State misidentified which place he was to register. His only defense was that he tried to register but he could not get anyone to answer the phone in order to schedule an appointment. Also, Hance is in no danger of being prosecuted again for the same failures alleged but in the *county* of Ellis, as proved. Therefore, we hold the variance was not material and should be disregarded in a sufficiency of the evidence review under a hypothetically correct jury charge.

Hance's insufficiency claim is based solely on the variance; and he necessarily admits that the State proved he was required to register in Ellis County. Thus, the evidence is legally sufficient and his first issue is overruled.

## EMPLOYMENT STATUS

In his second and third issues, Hance contends the evidence is legally and factually insufficient to support the conviction in Count One for failing to report a change in employment status within seven days.

According to article 62.057, Hance was required to notify the Ellis County Sheriff's Office of any change in his job status not later than the seventh day after the date of the change. TEX.CODE CRIM. PROC. ANN. art 62.057(b) (Vernon 2006). A job status changes when a person begins employment with a new employer. Id. (c). Hance was not employed when he initially registered on April 17, 2006. He became employed on May 10, 2006 when he went to work for Boyce Feed and Grain. On May 24, the day deputies were attempting to serve the warrant for Hance's arrest at his residence, Hance called McKinney to notify him that he was employed. This was more than seven days after the date Hance became employed. McKinney de-

nied that Hance ever attempted to contact him about the change in Hance's job status prior to May 24th.

Hance contends the evidence is both legally and factually insufficient because he attempted to make contact with McKinney several times prior to May 24th. He testified that Deputy Green, who was training McKinney for his position when Hance initially registered, would allow registrants to report changes over the phone. McKinney required registrants to make an appointment to report changes. Hance testified that he told Deputy Green in person that he had acquired a job, but Green told him to make an appointment with McKinney. He further testified that he left messages about seven times from the 10th to the 24th because no one ever answered the phone. He denied speaking to McKinney on the 24th. Hance's step father recalled Hance trying to make a phone call during the lunch hour. Hance told his step father that he was calling the Sheriff's Office.

Reviewing the evidence under the appropriate standard for legal sufficiency of the evidence, we presume that the jury resolved the conflicts in the testimony against Hance. Therefore, any rational trier of fact could have found beyond a reasonable doubt that Hance waited more than seven days to report a change in his job status. The evidence is legally sufficient to support the conviction under Count One, and Hance's second issue is overruled.

Further, considering all of the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. The evidence that Hance failed to report a change in his job status until May 24th was not 'so weak' that the verdict seems 'clearly wrong or manifestly unjust,' or that the verdict is 'against the great weight and preponderance of the

evidence.' Hance's third issue is overruled.

### VEHICLE IDENTIFICATION

■ In his fourth and fifth issues, Hance claims the evidence is legally and factually insufficient to support his conviction in Count Two in that he failed to ensure that his registration form was complete and accurate regarding his vehicle identification information.

Article 62.051(g) provides that a person who is required to register shall ensure that the person's registration form is complete and accurate. TEX.CODE CRIM. PROC. ANN. art. 62.051(g) (Vernon 2006). There is no time limitation for this statute. There is also no grace period provided for compliance with this statute.

Hance argues that because there were no time limits within which he had to update his vehicle information, he did not violate the statute. He also argues that he did not need to update his registration until his annual reporting time. Although Hance testified that he thought there was no time limit to update his vehicle information, he did not testify that he believed he was not required to update the information until his annual reporting time. Hance further testified that he was warned that if he drove a vehicle every day, he needed to bring it in to have it photographed. He admitted to driving the van at least 10 times. That amount of time is as many days as Hance worked. And Hance did not say that he ever accepted a ride from anyone in order to get to or from work. He did not bring the van in to be photographed and to update the vehicle information on his registration until after he was arrested and released.

Reviewing the record pursuant to the appropriate standards, we find the evidence both legally and factually sufficient to support the conviction under Count Two. Hance's fourth and fifth issues are overruled.

### CONCLUSION

Having overruled each issue presented for review, the trial court's judgment is affirmed.