Opinion filed November 30,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00288-CR 

                                                    __________

 

                                BOBBY
JOE TERRELL, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR19112

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court convicted Bobby Joe Terrell of the offense of failure to register
as a sex offender.  The trial court assessed punishment at confinement for
three years.  We modify and affirm.  

            Appellant
presents three issues for review.  In the first two issues, he challenges the
legal and factual sufficiency of the evidence.  The
Texas Court of Criminal Appeals, however, recently recognized that there is no
meaningful distinction between the standards of review for legal and factual
sufficiency.  Brooks v.
State, No. PD-0210-09, 2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6,
2010).  The court in Brooks ultimately overruled
Clewis[1]
and its progeny and held that legal sufficiency is the only standard that a
reviewing court should apply in determining whether the evidence is sufficient
to support each element of a criminal offense.  2010 WL 3894613, at *14.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307 (1979); Brooks, 2010 WL 3894613, at *5.  

            The
indictment alleged in relevant part that appellant: 

[D]id then and
there, while being a person required to register with the local law enforcement
authority in the municipality where the defendant resided or intended to reside
for more than seven days, to wit: Brown County, because of a reportable
conviction for sexual assault of a child, intentionally, knowingly, or
recklessly fail to register with the local law enforcement authority in said
municipality, to-wit: Brown County Sheriff’s Office.  

 

            The
record shows that appellant had been convicted of indecency with a child, for
which appellant was required to register as a sex offender pursuant to Tex. Code Crim. Proc. Ann. ch. 62
(Vernon 2006 & Supp. 2010).[2] 
The record also shows that appellant had been registering with the Brownwood
Police Department since 2002 and that he was required to report every ninety
days to verify his registration. Appellant had given the same address every
time he reported:  3313 First Street, Brownwood, Texas.  On January 19, 2007,
and again on April 20, 2007, appellant reported to Roger Sparks, the records
administrator for the Brownwood Police Department, and verified his previous
registration information.  Appellant did not notify Sparks that he was residing
elsewhere, but he did inform Sparks in April that he was also staying at the
Classic Inn in Early, Texas.  

Frederick
Axt testified that, in March 2007, he lived on Bluebonnet Hill Drive in Early,
Texas, in a trailer park.  Axt lived next door to Betty Jo McGraw.  Axt
testified that appellant came to “stay with” McGraw.  Axt called law
enforcement four or five days after he learned that appellant was a registered
sex offender.  Though he did not see appellant move in, Axt estimated that
appellant had been “staying with” McGraw for ten or twelve days.  Axt saw
appellant’s car there on a regular basis.  When asked “how regularly” he
observed appellant at McGraw’s, Axt stated, “There were a number, number of
occasions he was there in the evenings pulling in.  Then when I left for work
in the morning, the vehicle was still there.”  Appellant departed about four or
five days after Axt called the authorities.  According to Axt, when appellant
moved out, he took some small articles with him:  “I believe it was some clothing
and possibly a TV.”

Betty
Jo McGraw met appellant while he was working at the Humane Society.  McGraw
testified that she lived in the Bluebonnet Trailer Park from November 2006 to
August 2007 and that she let appellant “come and stay there, you know, just
maybe three or four times during the week,” “just here and there,” over a
period of “a couple of months.”  According to McGraw, appellant sometimes spent
the night at her trailer in her room, and he had clothes there “[j]ust for
those few days that he was there.”  McGraw stated that appellant had no
television or other belongings at her trailer.  McGraw did not allow appellant
to stay with her after she learned “some information” about him.  When asked
whether appellant had a toothbrush at her place, McGraw testified:  “I assume
he had his own.  Or wherever he went to after he left my place, he did
whatever.”  McGraw did not know where appellant stayed when he was not at her
place.  She testified that appellant probably stayed with her less than a
majority of the time during that two-month period and that her trailer was not
appellant’s home address or residence during that period of time.  McGraw did
not know where appellant lived or stayed the majority of the time.

Early
Police Chief David Mercer testified that in March 2007 he was employed by the
Brown County Sheriff’s Office and that he investigated Axt’s complaint.  Officer
Mercer went to the Bluebonnet Trailer Park, which was outside the city limits
of Early and within the jurisdiction of the sheriff’s department, and spoke to
McGraw.  Officer Mercer went inside McGraw’s trailer where he observed
“numerous items of men’s clothing.”  Based on this observation, Officer Mercer
concluded that appellant “appeared” to be a resident there.

            Officer
Mercer further testified that appellant had not registered with the Brown
County Sheriff’s Office as a sex offender.  Appellant had registered as a sex
offender in Brownwood, a municipality in Brown County, and listed his mother’s
address (3313 First Street, Brownwood) as his residence. When a deputy went to
that address to further investigate, he talked to appellant’s mother, Nancy
Terrell.  Terrell was angry and uncooperative and would not allow the deputy to
come into her house.  According to the deputy, Terrell said that she had not
seen appellant and did not know “where he was staying.”  On cross-examination,
the deputy testified that he did not ask Terrell whether appellant still
resided at her house or whether her house was still appellant’s home address.

            The
State called appellant’s mother as a witness.  She testified that appellant
came to live with her when he got out of prison.  Terrell stated that appellant
had lived there since then but that he was not at home every night and “might .
. . not stay there a day or so.”  Terrell also stated that, due to her work
schedule, she did not always see appellant but could tell he had been there.

Appellant
makes two arguments with respect to sufficiency of the evidence.  First, he
contends that the evidence is insufficient to show that he resided or intended
to reside at McGraw’s for more than seven days.  The evidence was controverted
on this element of the offense.  McGraw’s testimony, Terrell’s testimony, and
appellant’s registration with the Brownwood Police Department indicated that
appellant did not reside or intend to reside at McGraw’s for more than seven
days.  The testimony of Axt and Officer Mercer and the statement made by
Terrell to the deputy indicated, however, that appellant resided or intended to
reside at McGraw’s for more than seven days.  The trial court, as the trier of
fact, is the exclusive judge of the credibility of the witnesses and the weight
to be given to their testimony.  Joseph v. State, 897 S.W.2d 374, 376
(Tex. Crim. App. 1995).  We cannot hold that a rational trier of fact could not
have found the essential elements of the crime beyond a reasonable doubt.  

            Appellant’s
second sufficiency argument is based on the indictment’s allegation that
appellant failed to register in the “municipality” of Brown County “with the
local law enforcement authority in said municipality, to-wit: Brown County
Sheriff’s Office.”  We agree with appellant that Brown County is not a
municipality, and no evidence was introduced to that effect.  However, we do
not agree that the poorly drafted indictment causes the evidence to be
insufficient in this case.  Only a material variance between the indictment and
the proof will render the evidence insufficient.  Gollihar v. State, 46
S.W.3d 243, 257 (Tex. Crim. App. 2001).  A variance is fatal if it is material
and prejudices the defendant’s substantial rights.  Id.  We must
consider whether the indictment informed appellant of the charge against him
sufficiently to allow him to prepare an adequate defense and whether appellant
would be subject to the risk of being prosecuted later for the same crime.  Id. 
We conclude that the indictment in this case sufficiently informed appellant of
the charge against him so as to allow him to prepare an adequate defense at
trial and that prosecution under this indictment does not subject appellant to
the risk of being prosecuted again for the same crime.  See Hance v. State,
244 S.W.3d 504 (Tex. App.—Waco 2007, pet. ref’d); see also Gollihar, 46
S.W.3d at 257.  In Hance, the court rejected a challenge to the
sufficiency of the evidence where the indictment had charged the defendant with
failing to register in the municipality of Ellis County.  244 S.W.3d at 506-07.
 The evidence in the present case showed, specifically, that appellant failed
to register in Brown County with the Brown County Sheriff’s Office.  The record
does not indicate that there was any confusion regarding whether Brown County
was a municipality.  Appellant’s first and second issues are overruled.  

            In
his final issue, appellant complains of error on the face of the trial court’s
judgment.  The State concedes error in the drafting of the judgment and agrees
that the judgment should be modified.  The judgment reflects the offenses as
follows:  “Count I: Failure to Register as a Sex Offender” and “Count II:
Failure to Comply with other Requirements.”  The record from the bench trial
shows that the State waived Count II and that the trial court actually
convicted appellant of only the offense charged in Count I.  Accordingly, the
trial court’s judgment must be modified to conform to the judgment actually
rendered and orally pronounced at trial.  See Thompson v. State, 108
S.W.3d 287 (Tex. Crim. App. 2003). 

The
trial court’s judgment shall be modified to delete any reference to Count II
and to reflect a conviction as to Count I only.  As modified, the judgment of
the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

November 30,
2010

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). 

 





[2]We
note that there is nothing in the record indicating that appellant had been
convicted of “sexual assault” of a child as alleged in the indictment. 
Appellant does not contend that the evidence is insufficient on this basis. 
Indecency with a child is an offense under
Tex. Penal Code Ann. § 21.11 (Vernon Pamph. Supp. 2010).  Sexual assault
of a child is an offense under Tex.
Penal Code Ann. § 22.011(a)(2) (Vernon 2003).  Both offenses are
reportable under the sex offender registration program.  Article 62.001(5).