**Opinion filed November 30, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00288-CR
_____

## BOBBY JOE TERRELL, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CR19112

## M E M O R A N D U M   O P I N I O N

The trial court convicted Bobby Joe Terrell of the offense of failure to register as a sex offender. The trial court assessed punishment at confinement for three years. We modify and affirm.

Appellant presents three issues for review. In the first two issues, he challenges the legal and factual sufficiency of the evidence. The Texas Court of Criminal Appeals, however, recently recognized that there is no meaningful distinction between the standards of review for legal and factual sufficiency. *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *1 (Tex.

Crim. App. Oct. 6, 2010). The court in *Brooks* ultimately overruled *Clewis*[1] and its progeny and held that legal sufficiency is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense. 2010 WL 3894613, at \*14. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks*, 2010 WL 3894613, at \*5.

The indictment alleged in relevant part that appellant:

[D]id then and there, while being a person required to register with the local law enforcement authority in the municipality where the defendant resided or intended to reside for more than seven days, to wit: Brown County, because of a reportable conviction for sexual assault of a child, intentionally, knowingly, or recklessly fail to register with the local law enforcement authority in said municipality, to-wit: Brown County Sheriff's Office.

The record shows that appellant had been convicted of indecency with a child, for which appellant was required to register as a sex offender pursuant to TEX. CODE CRIM. PROC. ANN. ch. 62 (Vernon 2006 & Supp. 2010).[2] The record also shows that appellant had been registering with the Brownwood Police Department since 2002 and that he was required to report every ninety days to verify his registration. Appellant had given the same address every time he reported: 3313 First Street, Brownwood, Texas. On January 19, 2007, and again on April 20, 2007, appellant reported to Roger Sparks, the records administrator for the Brownwood Police Department, and verified his previous registration information. Appellant did not notify Sparks that he was residing elsewhere, but he did inform Sparks in April that he was also staying at the Classic Inn in Early, Texas.

Frederick Axt testified that, in March 2007, he lived on Bluebonnet Hill Drive in Early, Texas, in a trailer park. Axt lived next door to Betty Jo McGraw. Axt testified that appellant came to "stay with" McGraw. Axt called law enforcement four or five days after he learned that appellant was a registered sex offender. Though he did not see appellant move in, Axt estimated

---

[1]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

[2]We note that there is nothing in the record indicating that appellant had been convicted of "sexual assault" of a child as alleged in the indictment. Appellant does not contend that the evidence is insufficient on this basis. Indecency with a child is an offense under TEX. PENAL CODE ANN. § 21.11 (Vernon Pamph. Supp. 2010). Sexual assault of a child is an offense under TEX. PENAL CODE ANN. § 22.011(a)(2) (Vernon 2003). Both offenses are reportable under the sex offender registration program. Article 62.001(5).

that appellant had been "staying with" McGraw for ten or twelve days. Axt saw appellant's car there on a regular basis. When asked "how regularly" he observed appellant at McGraw's, Axt stated, "There were a number, number of occasions he was there in the evenings pulling in. Then when I left for work in the morning, the vehicle was still there." Appellant departed about four or five days after Axt called the authorities. According to Axt, when appellant moved out, he took some small articles with him: "I believe it was some clothing and possibly a TV."

Betty Jo McGraw met appellant while he was working at the Humane Society. McGraw testified that she lived in the Bluebonnet Trailer Park from November 2006 to August 2007 and that she let appellant "come and stay there, you know, just maybe three or four times during the week," "just here and there," over a period of "a couple of months." According to McGraw, appellant sometimes spent the night at her trailer in her room, and he had clothes there "[j]ust for those few days that he was there." McGraw stated that appellant had no television or other belongings at her trailer. McGraw did not allow appellant to stay with her after she learned "some information" about him. When asked whether appellant had a toothbrush at her place, McGraw testified: "I assume he had his own. Or wherever he went to after he left my place, he did whatever." McGraw did not know where appellant stayed when he was not at her place. She testified that appellant probably stayed with her less than a majority of the time during that two-month period and that her trailer was not appellant's home address or residence during that period of time. McGraw did not know where appellant lived or stayed the majority of the time.

Early Police Chief David Mercer testified that in March 2007 he was employed by the Brown County Sheriff's Office and that he investigated Axt's complaint. Officer Mercer went to the Bluebonnet Trailer Park, which was outside the city limits of Early and within the jurisdiction of the sheriff's department, and spoke to McGraw. Officer Mercer went inside McGraw's trailer where he observed "numerous items of men's clothing." Based on this observation, Officer Mercer concluded that appellant "appeared" to be a resident there.

Officer Mercer further testified that appellant had not registered with the Brown County Sheriff's Office as a sex offender. Appellant had registered as a sex offender in Brownwood, a municipality in Brown County, and listed his mother's address (3313 First Street, Brownwood) as his residence. When a deputy went to that address to further investigate, he talked to appellant's mother, Nancy Terrell. Terrell was angry and uncooperative and would not allow the deputy to come into her house. According to the deputy, Terrell said that she had not seen

3

appellant and did not know "where he was staying." On cross-examination, the deputy testified that he did not ask Terrell whether appellant still resided at her house or whether her house was still appellant's home address.

The State called appellant's mother as a witness. She testified that appellant came to live with her when he got out of prison. Terrell stated that appellant had lived there since then but that he was not at home every night and "might . . . not stay there a day or so." Terrell also stated that, due to her work schedule, she did not always see appellant but could tell he had been there.

Appellant makes two arguments with respect to sufficiency of the evidence. First, he contends that the evidence is insufficient to show that he resided or intended to reside at McGraw's for more than seven days. The evidence was controverted on this element of the offense. McGraw's testimony, Terrell's testimony, and appellant's registration with the Brownwood Police Department indicated that appellant did not reside or intend to reside at McGraw's for more than seven days. The testimony of Axt and Officer Mercer and the statement made by Terrell to the deputy indicated, however, that appellant resided or intended to reside at McGraw's for more than seven days. The trial court, as the trier of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). We cannot hold that a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt.

Appellant's second sufficiency argument is based on the indictment's allegation that appellant failed to register in the "municipality" of Brown County "with the local law enforcement authority in said municipality, to-wit: Brown County Sheriff's Office." We agree with appellant that Brown County is not a municipality, and no evidence was introduced to that effect. However, we do not agree that the poorly drafted indictment causes the evidence to be insufficient in this case. Only a material variance between the indictment and the proof will render the evidence insufficient. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). A variance is fatal if it is material and prejudices the defendant's substantial rights. *Id.* We must consider whether the indictment informed appellant of the charge against him sufficiently to allow him to prepare an adequate defense and whether appellant would be subject to the risk of being prosecuted later for the same crime. *Id.* We conclude that the indictment in this case sufficiently informed appellant of the charge against him so as to allow him to prepare an

4

adequate defense at trial and that prosecution under this indictment does not subject appellant to the risk of being prosecuted again for the same crime. *See Hance v. State*, 244 S.W.3d 504 (Tex. App.—Waco 2007, pet. ref'd); *see also Gollihar*, 46 S.W.3d at 257. In *Hance*, the court rejected a challenge to the sufficiency of the evidence where the indictment had charged the defendant with failing to register in the municipality of Ellis County. 244 S.W.3d at 506-07. The evidence in the present case showed, specifically, that appellant failed to register in Brown County with the Brown County Sheriff's Office. The record does not indicate that there was any confusion regarding whether Brown County was a municipality. Appellant's first and second issues are overruled.

In his final issue, appellant complains of error on the face of the trial court's judgment. The State concedes error in the drafting of the judgment and agrees that the judgment should be modified. The judgment reflects the offenses as follows: "Count I: Failure to Register as a Sex Offender" and "Count II: Failure to Comply with other Requirements." The record from the bench trial shows that the State waived Count II and that the trial court actually convicted appellant of only the offense charged in Count I. Accordingly, the trial court's judgment must be modified to conform to the judgment actually rendered and orally pronounced at trial. *See Thompson v. State*, 108 S.W.3d 287 (Tex. Crim. App. 2003).

The trial court's judgment shall be modified to delete any reference to Count II and to reflect a conviction as to Count I only. As modified, the judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


November 30, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5